B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Nelson Vargas Cordero Mary J. Rodriguez Quinones | DEFENDANTS Cooperativa de Ahorro y Credito, Nuestra Señora de la Candelaria |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) Bufete Zeno Gloro, c/o Lic. Mateo P.O. Box 1945, Arecibo, P.R. 00613 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor  ☐ Other | ☑ Creditor  ☐ Other |
| ☐ Trustee | ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of discharge 11 USC 524; Contempt 11 USC 105 Damages

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☐ 68-Dischargeability – §523(a)(6), willful and malicious injury
☐ 63-Dischargeability – §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case -- 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Nelson Vargas Cordero Mary J. Rodriguez* | BANKRUPTCY CASE NO. *98-10612* | |
| DISTRICT IN WHICH CASE IS PENDING *P.R.* | DIVISION OFFICE *San Juan* | NAME OF JUDGE *ESL* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Bufete Zeno Gloro Edwin Matos M., Esq. #226403* | | |
| DATE *15-July-2011* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Edwin Matos Maldonado* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

**NELSON VARGAS CORDERO**
**MARY J. RODRIGUEZ QUINONES**

**DEBTORS**

CASE NO 98-10612-ESL

CHAPTER 13

---

IN RE:

**NELSON VARGAS CORDERO**
**MARY J. RODRIGUEZ QUINONES**

**PLAINTIFFSs**

Vs.

**COOPERATIVA DE AHORRO Y CREDITO**
**NUESTRA SENORA DE LA CANDELARIA;**
**JOHN DOE and JANE ROE;**
**X,Y, AND/OR Z INS. COS.**

**DEFENDANTS**

ADV. NO.: _____

**VIOLATION OF DISCHARGE**
**INJUNCTIVE RELIEF /**
**CONTEMPT/DAMAGES**

---

**JOSE CARRION MORALES**
**CHAPTER 13 TRUSTEE/PARTY IN INTEREST**
**CASE # 11-02484**

---

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW the debtors in the above-captioned bankruptcy case, Nelson Vargas

Cordero and Mary J Rodriguez Quinones, (hereinafter, the "Plaintiffs" or the "Debtors")

represented by the undersigned attorneys, and file the following complaint against the

1

Cooperativa de Ahorro y Credito Nuestra Senora de La Candelaria ("CandelCoop") and all

others liable to Plaintiffs for the claims and violations of law and damages set forth herein.

## INTRODUCTION

1)      This action seeks redress for the Defendant's willful violation of section 524 of Title 11

of the United States Code, generally referred to as the "Bankruptcy Code". The Defendant, with

actual notice and knowledge of the Plaintiffs' bankruptcy case and discharge, willfully engaged

in post-petition efforts to collect a discharged pre-petition debt against the Plaintiffs in violation

of the Code's "discharge injunction" enacted in section 524, and in violation of the discharge

order issued by this Court pursuant to said section of the Code. The unsecured debt collected by

the Defendant was scheduled as part of the Plaintiffs bankruptcy petition and upon completion of

the case and entry of the Court's discharge order, the same was discharged and uncollectable by

any creditor. This was filed in order to enforce the discharge order issued by the Court and to

enforce and implement the provisions of the Bankruptcy Code to cause CandelCoop to respect

the Court's orders and to ensure to Plaintiffs' right to a fresh start free from harassment and

persecution by discharged creditors. The Plaintiffs request injunctive relief and monetary

damages in the form of punitive and compensatory damages plus an award of legal costs and

attorney's fees, and all other relief the Court deems necessary to deter CandelCoop from

engaging in similar conduct in the future.

## JURISCITION AND VENUE

2.      The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the

Standing General Order of the U.S. District Court for the District of Puerto Rico of July 19,

1984, referring all cases and proceedings under Title 11 U.S.C. to the Bankruptcy Court.

Jurisdiction is also premised on 28 U.S.C. § 157 and 11 U.S.C. §§ 105 and 524. This is a core proceeding.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and § 1409 inasmuch as all acts, events and omissions complained of giving rise to this action occurred within the territorial limits of this jurisdiction.

## THE PARTIES

4.      The PLAINTIFFS are individuals residing in Puerto Rico and they are "Debtors" as that term is defined and construed under the Bankruptcy Code and law.

5.      On information and belief, CANDELCOOP is a savings and loan type of corporation or similarly incorporated entity duly organized and authorized to do business under the laws of the Commonwealth of Puerto Rico.

6.      X, Y, and/or Z INSURANCE CO. are fictitious names for an insurance company or companies duly authorized to do business in Puerto Rico which has issued an insurance policy in favor of CandelCoop and/or any other Defendant to this action that provides coverage for liability for the claims alleged in the instant complaint.

7.      JOHN DOE and JANE ROE are fictitious names for unknown persons that took part in the acts, events and omissions complained of in violation of 11 U.S.C. § 524 and the discharge order issued by this Court, and are responsible to Plaintiffs in damages.

8.      On information and belief, JOSE CARRION MORALES is an attorney or entity authorized by federal bankruptcy and/or other law to act and serve as the Chapter 13 Trustee responsible for the administration of the Plaintiffs' bankruptcy estate in case # 11-02484.

3

## FACTS

9.    On July 29, 1998, the Debtors filed for protection under Chapter 13 of the Bankruptcy Code. Most recently, and motivated in part by situation giving rise to this complaint, the Debtors filed for Chapter 13 relief in case # 11-02484-BKT.

10.    An order discharging the Debtors was entered on May 24, 2002. (the "Discharge Order") A review of the docket of the case will reflect that CandelCoop was duly notified of the filing of the Debtors' petition and received notice of the Discharge Order issued by the office of the Honorable Clerk of Court.

11.    CandelCoop was an unsecured creditor of the Debtors on account of a loan ending in # 4059 with several co-signors in the amount, as of the petition date, of over $17,900 dollars, as evidenced by claim # 6 filed by CandelCoop. (the "claim")

12.    The co-signers were the Debtor's (Mr. Vargas Cordero's) parents, his brother and sister-in-law.

13.    On information and belief, the co-signers had filed for bankruptcy relief contemporaneously with, or prior to, the Debtors' 1998 case, and had discharged their co-debtor status and obligation to CandelCoop on its claim against the Debtors.

14.    The Trustee objected CandelCoop's claim # 6 insofar as it purported to be a "priority" claim without any evidence to support it. (See Bkcy Dkt. 7) CandelCoop did not respond, although the record reflects that it received notice of the objection.

15.    By order entered on January 7, 1999, the Court denied CandelCoop's claim as filed and *ordered* that the same be treated as a general unsecured claim. (See Bkcy Dkt. 8)

16.    CandelCoop did not file any motion for relief from judgment or appeal of this order.

4

CandelCoop did not file any motion to object to discharge of the claim as against the Debtors or any of the co-debtors. Instead, CandelCoop filed claim # 9-1, which is identical in every material respect to claim # 6, including the alleged "priority" nature of the unsecured claim.

17.     As shown in the Trustee's final report and accounting, CandelCoop received $1,401.36 dollars for its unsecured claim through the chapter 13 plan and as such, CandelCoop is barred from collection pursuant to section 524 of the Code, and the Discharge Order.

18.     After the discharge, CandelCoop pursued collection of the claim in violation of the Discharge Order and the Code. Specifically, CandelCoop has filed suit for collection of money against the Debtors and several co-debtors in Commonwealth Court of First Instance, in Vega Baja the ("state court"), demanding payment from the Debtors and the co-debtors.

19.     Specifically, in or about October 2010, CandelCoop filed collection of money action # CM 10-1548 in the state court demanding payment of $1,459 dollars plus other charges, interests and legal costs and expenses against Plaintiffs. CandelCoop filed the case despite having actual notice and knowledge of the Discharge Order barring collection and the order reducing its claim to general unsecured status. ( the "state court action") (Exhibit 1)

20.     Service of process was made on Plainitiffs and a hearing was set for November 23, 2010, all of which was done willfully in violation of the Code and in open contempt of this Court's Discharge Order.

21.     On information and belief, the co-debtors were also served process and summoned to appear in state court.

22.     The Debtors attended the first hearing in state court and explained that the claim was discharged in bankruptcy. CandelCoop was ordered by the state court judge to verify the

Debtors' bankruptcy defenses and state its position to the court.

23. During and after that hearing, The Debtors made every effort to persuade CandelCoop of its willful violation of the discharge and to cease and desist from harassing them and the co-debtors, to no avail.

24. In or around late November 2010, CandelCoop filed an "Informative Motion" in compliance with the state court judge's order to state its position regarding the Plaintiffs' bankruptcy defenses. (Exhibit 2)

25. CandelCoop's Informative Motion to the state court knowingly falsely misrepresented to that court that the Debtors' bankruptcy petition "had not been granted", thereby requesting a new hearing date to pursue collection of the discharged claim.

26. Instead of dismissing the state court action, also in late November 2010, CandelCoop amended the suit by drastically increasing the claim to $11,136 dollars plus costs and other charges and falsely represented to the state court that the claim is due and owing and not subject to the discharge injunction and Order. (Exhibit 3)

27. The Plaintiffs were served process for this amended state court complaint and were summoned to appear in state court in February 2011.

28. On information and belief, the co-debtors were also served and summoned to the February hearing in state court concerning CandelCoop's amended complaint.

29. On information and belief, and possibly due to the Plaintiffs' persistence in asserting their bankruptcy discharge defense to CandelCoop and/or its attorneys, the Plaintiffs believe that CandelCoop decided that the inherent risks and costs of lying to and deceiving the state court about its efforts to collect a discharged claim were too high, and ended the state court charade by

dismissing the Plaintiffs from the state court action.

30.     In or about January 2011, CandelCoop filed a motion to voluntarily dismiss the Plaintiffs from the state court action. Instead of pleading truthfully that the debt was discharged in bankruptcy, CandelCoop ambiguously pleaded as the reason to dismiss that the Plaintiffs had "filed" a bankruptcy case–suggesting a present and ongoing case—in which this debt was scheduled and therefore, CandelCoop was dropping them from the suit.

31.     On information and belief, CandelCoop did not drop the co-debtors from the suit and carried on with the case against them.

32.     However, on information and belief, at CandelCoop's instructions and/or direction and/or suggestion, the Plaintiffs were caused to attend to the February 2011 hearing despite allegedly having been dismissed from the case. The co-debtors were also present.

33.     On information and belief, based upon the disagreeable events at this hearing between Plaintiffs and the co-debtors, CandelCoop caused Plaintiffs to attend the second hearing in the hopes of causing personal friction and animosity between Plaintiff and co-debtors in order to morally compelling Plaintiffs to agree to pay the discharged debt due to the damage that would be caused to the co-debtors by keeping them in the action.

34.     As a result of CandelCoop's state court action, Plaintiffs were caused to suffer serious personal, moral and emotional harm and injuries such as constant personal animosity, disturbances of the peace, heated arguments and otherwise strained relations with co-debtors who were their loving kinfolk and relatives.

35.     The foregoing facts and allegations clearly demonstrate a pattern of practice and strategy by CandelCoop to willfully violate the discharge injunction and Order in a concerted and illegal

effort to collect a discharged debt.

36.     The foregoing facts and allegations clearly constitute willful violations of discharge injunction by CandelCoop and contempt for the Discharge Order punishable by law.

37.     The Debtors have suffered greatly because of the irritation and anxiety caused by CandelCoop's violation amongst the Debtors, the co-debtors and their families. Indeed, the Debtors' relationship with some of these people has become strained and marred by verbal violence and tension because of CandelCoop's illegal collection efforts.

38.     CandelCoop knew and should have known, and in fact intended, to cause sufficient stress and strain and moral pressure of Plaintiffs to cause them to assume repayment of the discharged claim by hauling them to state court in the presence of the co-debtors and by causing friction in their familial relations, and did in fact cause such unpleasant friction so as to deteriorate those familial relations between the Plaintiffs and their co-debtors.

39.     The Debtors also suffered moral injury by being dragged into the state court under false pretenses by CandelCoop who unambiguously knew and should have known that it was acting in contempt of the Discharge Order.

40.     The Debtors suffered financial harm and damage, costs and expenses in order to take time from work and/or their personal affairs to confront CandelCoop's wrongful actions and prepare and defend against CandelCoop's action.

41.     The actions alleged against CandelCoop constitute willful violations of the discharge injunction and Order in contravention of section 524 of the Bankruptcy Code and applicable law.

42.     CandelCoop's actions are inexcusable insofar as Plaintiffs made repeated efforts to notify CandelCoop of the Discharge Order, to no avail.

8

43.    CandelCoop's willful and malicious collection efforts against Plaintiff demonstrate an egregious disregard for bankruptcy law, for the jurisdiction and authority of this Court, and for the Plaintiffs' right to be free from the harassment and intimidation of creditors while under the protection of this Court and the provisions of section 524.

44.    Upon information and belief, CandelCoop has a record of violations in this district of the discharge injunction and Orders routinely entered by this Honorable Court for the protection of debtors.

45.    Upon information and belief, CandelCoop has failed to implement effective internal systems, policies and procedures to guard against violations of the discharge injunction and other sections of the Bankruptcy Code, such as the violations complained of herein.

## CLAIM: WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION AND ORDER

46.    Plaintiffs incorporate each and every previous allegation as if fully set forth herein.

47.    The actions perpetrated by CandelCoop and its representatives clearly constitute willful violations of the discharge injunction encoded in section 524 of the Bankruptcy Code and are in open contempt of the Court's Discharge Order.

48.    By initiating unlawful collection efforts against Plaintiffs after receiving notice of the discharge, CandelCoop acted with knowledge that Plaintiffs had completed a bankruptcy case and thus, that its acts were inexcusably in violation of the discharge injunction and Order.

49.    CandelCoop's violations and its refusal to acknowledge and cease its contempt for the Discharge Order issued by this Court have caused Plaintiffs significant aggravation and emotional distress, mental anxiety and physical symptoms of harm and illness.

50.    CandelCoop's conduct has caused Plaintiffs to expend an inordinate and unnecessary

9

amount of time, energy, expense and effort and to alter their daily activities and schedules in order to enforce their rights under the Bankruptcy Code.

51. CandelCoop committed the foregoing violations willfully, intentionally and while fully aware and on notice of the Discharge Order issued by the Court.

52. As a result of the foregoing willful, egregious and intentional violations of law committed by CandelCoop, the Plaintiffs are entitled to actual and compensatory damages in an amount not less than $20,000 dollars for mental anguish, suffering, physical harm and out-of-pocket expenses and time lost defending against CandelCoop's violations.

## CLAIM: CONTEMPT & DAMAGES

53. CandelCoop's violations and its steadfast refusal to acknowledge that it was violating the Plaintiffs' rights, appear to be a pattern and practice of unlawfully collecting this, and other accounts scheduled in bankruptcy, by gambling that the financial returns from its contempt for the orders of this Court shall be vastly superior to any occasional fine, penalty or judgment that it may have to pay the few debtors that are alert enough to pursue their rights under the law.

54. To deter CandelCoop's unabashed contempt for bankruptcy law and for this Court's orders, the Court should impose punitive damages in an amount not less than $20,000 dollars to be awarded to Plaintiffs.

55. To cause CandelCoop to acquire and/or implement systems that will allow it to safeguard against future violations of the rights of bankrupt debtors, an award of not less than $10,000 dollars in punitive damages should be awarded to Plaintiffs. CandelCoop should also be affirmatively enjoined by this Honorable Court to show proof of investing and implementation of internal safeguards aimed at preventing future violations of bankruptcy law.

56.     CandelCoop's practice of violating the discharge injunction and Order as part of a business model intended to defray the cost of the occasional legal penalties for its violations by maximizing collections by any means necessary, should be sanctioned with an award of punitive damages of not less than $20,000 dollars to be awarded to Plaintiff.

57.     CandelCoop's attitude and behavior in violation of the Discharge Order has made it necessary for the Plaintiffs to retain legal counsel to prosecute this action. Therefore, an award of legal costs, expenses and attorney fees should be awarded to Plaintiffs.

58.     CandelCoop's contempt for this Court's stay order and its willful and egregious violations of 11 U.S.C. § 524 make it liable in damages to Plaintiffs for actual damages, punitive damages and legal fees pursuant to section 524(h) and the Court's inherent authority to enforce its orders and the provisions of the Bankruptcy Code pursuant to 11 U.S.C. § 105.

59.     As a result of the foregoing claims and allegations by Plaintiffs, CandelCoop is liable to Plaintiffs for the costs, expenses and attorneys fees incurred in prosecuting this action.

60.     CandelCoop, and all other Defendants currently unknown to Plaintiffs, are jointly and severally liable to Plaintiffs.

**WHEREFORE**, having set forth above her claims and causes of action, the Plaintiffs most respectfully request and pray that this Honorable Court grant the following relief:

A.     That the Plaintiffs be awarded and allowed to recover against the Defendant a sum as claimed by Plaintiffs or to be determined by the Court as actual and compensatory damages;

B.     That the Plaintiffs be awarded and allowed to recover against the Defendant a sum as claimed by Plaintiffs or to be determined by the Court as punitive damages;

C.     That Plaintiffs be awarded and allowed to recover against the Defendant all reasonable legal fees, costs and expenses incurred by her attorneys for the prosecution of these claims since the outset of the violations;

D.     That CandelCoop be held in contempt of Court for violation of the stay order;

E.     That CandelCoop be ordered to CEASE AND DESIST from any further violation of the discharge injunction and Order against Plaintiffs;

F.     That the Plaintiffs be awarded and allowed to recover such further and other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

In Arecibo, Puerto Rico, this ___15th___ day of July, 2010.

By:  _____
Edwin Matos Maldonado, Esq.
*Lead Attorney*, USDC 226403

**BUFETE ZENO GLORO**
**EDWIN MATOS MALDONADO**
**USDC 226403**
**FELIX M ZENO GLORO**
**USDC 124212**
**LIAVANESSA FONTANEZ RUIZ**
**USDC 213707**

*Attorneys for Plaintiff*
**PO BOX 1945; ARECIBO PR 00613**
**TEL 879-1760 ; FAX 880-2756**
**tribunal@zenogloro.com**

12

Exhibit 1

Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Sala Municipal de Vega Baja

| | |
|---|---|
| **Cooperativa de Ahorro y Crédito Nuestra Señora de La Candelaria**<br>Demandante<br><br>Vs.<br><br>**Nelson Vargas Cordero, su esposa Mary Julia Rodríguez, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Diana E. González Rivera, su esposo Samuel Vargas, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Nelson Vargas Hernández, su esposa Josefina Vargas Cordero, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos**<br>Demandados | Civil Núm.: **CM 10-1548**<br><br><br>Sobre: **Cobro de Dinero (Regla 60)** |

### Notificación - Citación

**A:**    Diana E. González Rivera, Samuel Vargas y la Sociedad Legal de Gananciales compuesta por ambos
PO Box 4293, Barrio Almirante Sur
Vega Baja, Puerto Rico 00694

De conformidad con la Regla 60 de las de Procedimiento Civil, el (la) Secretario (a) que suscribe notifica a usted (es) que se ha presentado una demanda en la Secretaría de esta Sala, en la cual la parte demandante alega <u>bajo juramento o declaración jurada</u> que usted (es) le adeuda (n) la cantidad de **$1,259.40**. Se incluye copia de la demanda donde podrá (n) enterarse más detalladamente de la reclamación mencionada.

Se le (s) notifica por este medio que se ha señalado para vista del caso en su fondo, el día __23__ de __noviembre__ de 20__10__ a la (s) __8:30 am__, en el Salón __02__. En la citada vista en su fondo deberá usted exponer su posición respecto a la reclamación, además, podrá comparecer por sí solo (a) o representado (a) por un (a) abogado (a).

Se le apercibe que si usted dejare de comparecer a la vista en su fondo se podrá dictar sentencia en rebeldía en su contra, conforme a lo establecido en la Regla 45 de Procedimiento Civil de 2009.

Expedido bajo mi firma y sello del Tribunal, hoy __26__de __octubre__ de 20__10__.

MARIA DEL C. CANCEL RIOS
Secretaria del Tribunal Confidencial II
Secretario (a)

MARITZA ROSARIO ROSARIO
POR: _Sec. Auxiliar del Tribunal 1_
Secretario (a) Auxiliar

Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Sala Municipal de Vega Baja

| | |
|---|---|
| Cooperativa de Ahorro y Crédito Nuestra Señora de La Candelaria<br>Demandante<br><br>Vs.<br><br>Nelson Vargas Cordero, su esposa Mary Julia Rodríguez, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Diana E. González Rivera, su esposo Samuel Vargas, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Nelson Vargas Hernández, su esposa Josefina Vargas Cordero, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos<br>Demandados | Civil Núm.: CM10-1548<br><br>Sobre: Cobro de Dinero (Regla 60) |

**Demanda**

**Al Honorable Tribunal:**

Comparece el demandante de epígrafe representado por el abogado que suscribe, quien ante este Honorable Tribunal, respetuosamente expone, alega y solicita:

1.      Que la parte demandante, Cooperativa de Ahorro y Crédito Nuestra Señora de La Candelaria, es una corporación debidamente registrada bajo las leyes del Estado Libre Asociado de Puerto Rico, con seguro social patronal número 66-0266794 y se dedica a ofrecer servicios de préstamos, entre otros servicios.

2.      Que su dirección postal es: P.O. Box 3249, Manatí, Puerto Rico 00674, y las oficinas están ubicadas en la Calle Baldorioty #20, Manatí, Puerto Rico; con teléfono (787) 854-1620.

3.      Que la dirección postal y residencial de la parte demandada Nelson Vargas Cordero, su esposa Mary Julia Rodríguez, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos es en: Barrio Pueblo Nuevo, Calle 7, Buzón B-3, Vega Baja, Puerto Rico 00693.

4.      Que la dirección postal y residencial de la parte demandada como codeudores Diana E. González Rivera, su esposo Samuel Vargas, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos es: Box 4293, Barrio Almirante Sur, Vega Baja, Puerto Rico 00694.

5.      Que la dirección postal y residencial de la parte demandada como codeudores Nelson Vargas Hernández, su esposa Josefina Vargas Cordero, por sí y en representación de la

Sociedad Legal de Gananciales compuesta por ambos es: HC 02 Box 41535, Vega Baja, Puerto
Rico 00694.

6.      Que la parte demandada otorgó un Pagaré en garantía de Préstamos a Plazos (se aneja
copia), el 7 de diciembre de 1996 en Manatí, Puerto Rico, por un valor (principal) de $20,000
con intereses al tipo de 11.75% y se obligó a pagarlo en 102 plazos mensuales de $310.92.

7.      Que la parte demandada no ha cumplido con el acuerdo de pago al que se obligó según
el pagaré antes descrito, y le adeuda a la parte demandante la suma de $1,259.40, hasta el 20
de septiembre de 2010, más los intereses y recargos que acumule a partir de dicha fecha.

8.      Que la parte demandada ha dejado de cumplir por más de tres meses con los pagos
mensuales del préstamo antes referido, ignorando las gestiones para el cobro hechas por la
parte demandante, las cuales han sido infructuosas.

9.      Que conforme lo acordado en el pagaré, el deudor aquí demandado, se comprometió al
pago de una suma equivalente al 35% de la suma principal del pagaré para el pago de las
costas, gastos y honorarios de abogado en que pueda incurrir el tenedor en caso de
reclamación judicial, siendo dicha suma líquida y exigible en su totalidad a la reclamación para
un total de $440.79.

10.     Que la parte demandada acordó expresamente, mediante el pagaré, a someterse a la
competencia de los tribunales que eligiese el acreedor, en el caso de reclamación judicial.

11.     Que las sumas de dinero reclamadas en la presente demanda están vencidas, son
líquidas y exigibles, y no han sido pagadas a pesar de las diligencias realizadas por la parte
demandante para su cobro.

        **Por todo lo cual**, se solicita de este Honorable Tribunal que previo los trámites legales
pertinentes declare con lugar esta demanda y dicte sentencia contra las partes demandas por la
cantidad adeudada de $1,259.40 más los intereses acumulados hasta su liquidación total y los
recargos; más los gastos, costas y una suma para honorarios de abogados equivalente al 35%
del monto de la obligación de $440.79.

        En Manatí, Puerto Rico a hoy 13 de octubre de 2010.

        Respetuosamente sometida.


Lic. Luis N. Nazario Maldonado
Abogado Núm. 12,385
Apartado 1512
Manatí, Puerto Rico 00674
Tel.: 854-7004
Fax: 854-7145
nazario@lnazario.com

COOPERATIVA DE AHORRO Y CREDITO

**Nuestra Señora de la Candelaria**

PO BOX 3255
MANATI, PUERTO RICO 00674
TEL. 854-1620 • FAX 884-0627

# PAGARE

NUMERO CUENTA: *4659*

$ *26,000*

**Por Valor Recibido** los infrascritos nos obligamos solidaria y mancomunadamente a pagar a la orden de la Cooperativa de Ahorro y Crédito Nuestra Señora de la Candelaria o a su orden la suma principal de *Veinte mil* dólares ($ *26,000* ) a ser pagada en moneda del curso legal de los Estados Unidos de Norteamérica, con intereses a partir de la fecha de la firma de este pagaré, al tipo de *11.25* % anual, pagadera en *102* plazos de $ *316.02* . El primer plazo vence en *7 enero 97* Los subsiguientes plazos vencerán ☐ semanal, ☐ quincenal, ☐ bisemanal, ☑ mensual, hasta el saldo total de la deuda.

Todos los pagos serán aplicados primero a los intereses devengados y luego a la suma principal. Los intereses serán computados a base de trecientos sesenta (360) días del año.

Cualquier pago no efectuado, luego de vencido el mismo, se entenderán vencidos los demás plazos y serán exigibles a opción del tenedor, sin aviso a los infrascritos. El no ejecutar la referida opción, no constituye una renuncia a su derecho subsiguiente de ejercitarla.

Los infrascritos se comprometen a pignorar sus ( *Acciones* ) en ( *la Cooperativa* ) que suman la cantidad de $ *4,000* al momento de la firma de este documento entendiéndose que si los infrascritos compran *acciones* adicionales después de la firma de este documento, quedarán igualmente pignoradas, garantizando así el préstamo objeto de esta prenda.

Si los infrascritos realizaran una petición bajo la Ley de Quiebras, según enmendada, se entenderá que la Cooperativa es un acreedor asegurado en cuanto a las acciones y depósitos pignorados. En este caso, la Cooperativa podrá declarar vencidas y exigibles todas las sumas o plazos adeudados del préstamo que es garantizado por este pagaré, sin previo aviso a los infrascritos deudores, co-deudores o garantizadores. Al momento de declararse por la Cooperativa todas las sumas o plazos vencidos y exigibles, se entenderán pignorados los depósitos existentes y que pertenecen al deudor o a los infrascritos.

Autorizamos a la Cooperativa a efectuar un recargo de _____ % en caso de demora o atraso de por lo menos diez (10) días en el pago de cualquier plazo del préstamo obtenido.

Nosotros, los infrascritos, los garantizadores, los cedentes o cesionarios, endosatarios o endosantes, renunciamos a todo derecho de presentación, aviso, demanda de pago, protesto; estamos de acuerdo en que cualquier liberación de un obligado por este pagaré no se entiende para los demás obligados y que en caso de tener que recurrir a los tribunales de justicia del país, nos sometemos a la competencia y jurisdicción del tribunal que escoja el acreedor o tenedor de este pagaré y seremos responsables de pagar los costos, gastos y honorarios de abogado igual a un treinticinco (35%) de la suma principal y una suma razonable y justa de honorarios de abogado en caso de tener que recurrir a procedimientos apelativos.

Este pagaré es vencedero el día *7* de *Junio* de *2,005* .

En Manatí, Puerto Rico, a *7* de *Diciembre* de *1996* .

ACEPTADO Y SUSCRITO POR:

_____
Firma del Deudor                              Dirección Residencial Exacta y Completa

_____
Firma del Cónyuge                            Dirección Residencial Exacta y Completa

_____
Firma del Co-Deudor                          Dirección Residencial Exacta y Completa

_____
Firma del Co-Deudor                          Dirección Residencial Exacta y Completa

_____
Firma del Co-Deudor                          Dirección Residencial Exacta y Completa

Exhibit 2

**Estado Libre Asociado de Puerto Rico**
**Tribunal de Primera Instancia**
**Sala Municipal Vega Baja**

| | |
|---|---|
| **Cooperativa de Ahorro y Crédito Nuestra Señora de La Candelaria**<br>          Demandante | Civil Núm.:  CM10-1548 |
| Vs. | |
| **Nelson Vargas Cordero, su esposa Mary Julia Rodríguez, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Diana E. González Rivera, su esposo Samuel Vargas, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Nelson Vargas Hernández, su esposa Josefina Vargas Cordero, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos**<br>          Demandado | **Sobre:**<br>**Cobro de Dinero (Regla 60)** |

**Moción informativa**

**Al Honorable Tribunal:**

Comparece la parte demandante, por conducto de su abogado que suscribe y respetuosamente somete a este Honorable Tribunal:

1.      Que en la vista celebrada el 23 de noviembre de 2010, el demandante alegó haber obtenido descargo de quiebra bajo el capítulo 13.

2.      Que hemos confirmado con nuestro representado y al demandado no le fue concedida su solicitud de quiebra.  Ver orden que se acompaña.

3.      Respetuosamente solicitamos del Honorable Tribunal provea un nuevo señalamiento.  Se adjunta proyecto de Notificación - Citación.

**Por todo lo cual**, solicitamos respetuosamente al Honorable Tribunal tome conocimiento de lo antes informado y dicte cualquier otro pronunciamiento que en derecho proceda.

**Respetuosamente sometida.**

**Certifico:**  Haber enviado copia fiel y exacta del presente escrito a: Nelson Vargas Cordero, su esposa Mary Julia Rodríguez, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos a Barrio Pueblo Nuevo, Calle 7 Buzón B-3, Vega Baja, Puerto Rico 00693; Diana E. González Rivera, su esposo Samuel Vargas, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos a Box 4293, Barrio

Almirante Sur, Vega Baja, Puerto Rico 00693 y Nelson Vargas Hernández, su esposa Josefina

Vargas Cordero, por sí y en representación de la Sociedad Legal de Gananciales compuesta

por ambos a HC-02 Box 41535, Vega Baja, Puerto Rico 00693.

En Manatí, Puerto Rico a  24 de noviembre de 2010.

Lic. Luis Nazario Maldonado
Abogado Núm. 12,385
Apartado 1572
Manatí, Puerto Rico 00674
Tel. 787-854-7004
Fax 787-854-7145
nazario@lnazario.com

Exhibit 3

**Estado Libre Asociado de Puerto Rico**
**Tribunal de Primera Instancia**
**Sala Municipal de Vega Baja**

| | |
|---|---|
| Cooperativa de Ahorro y Crédito Nuestra Señora de La Candelaria<br>Demandante<br><br>Vs.<br><br>Nelson Vargas Cordero, su esposa Mary Julia Rodríguez, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Diana E. González Rivera, su esposo Samuel Vargas, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Nelson Vargas Hernández, su esposa Josefina Vargas Cordero, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos<br>Demandados | Civil Núm.: CM10-1548<br><br><br>Sobre: **Cobro de Dinero (Regla 60)** |

**Demanda Enmendada**

**Al Honorable Tribunal:**

Comparece el demandante de epígrafe representado por el abogado que suscribe, quien ante este Honorable Tribunal, respetuosamente **expone, alega y solicita:**

1.      Que la parte demandante, Cooperativa de Ahorro y Crédito Nuestra Señora de La Candelaria, es una corporación debidamente registrada bajo las leyes del Estado Libre Asociado de Puerto Rico, con seguro social patronal número 66-0266794 y se dedica a ofrecer servicios de préstamos, entre otros servicios.

2.      Que su dirección postal es: P.O. Box 3249, Manatí, Puerto Rico 00674, y las oficinas están ubicadas en la Calle Baldorioty #20, Manatí, Puerto Rico; con teléfono (787) 854-1620.

3.      Que la dirección postal y residencial de la parte demandada Nelson Vargas Cordero, su esposa Mary Julia Rodríguez, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos es en: Barrio Pueblo Nuevo, Calle 7, Buzón B-3, Vega Baja, Puerto Rico 00693.

4.      Que la dirección postal y residencial de la parte demandada como codeudores Diana E. González Rivera, su esposo Samuel Vargas, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos es: Box 4293, Barrio Almirante Sur, Vega Baja, Puerto Rico 00694.

5.      Que la dirección postal y residencial de la parte demandada como codeudores Nelson Vargas Hernández, su esposa Josefina Vargas Cordero, por sí y en representación de la

Sociedad Legal de Gananciales compuesta por ambos es: HC 02 Box 41535, Vega Baja, Puerto Rico 00694.

6. Que la parte demandada otorgó un Pagaré en garantía de Préstamos a Plazos (se aneja copia), el 7 de diciembre de 1996 en Manatí, Puerto Rico, por un valor (principal) de $20,000.00 con intereses al tipo de 11.75% y se obligó a pagarlo en 102 plazos mensuales de $310.92.

7. Que la parte demandada no ha cumplido con el acuerdo de pago al que se obligó según el pagaré antes descrito, y le adeuda a la parte demandante la suma de $11,136.71, hasta el 16 de noviembre de 2010, más los intereses y recargos que acumule a partir de dicha fecha.

8. Que la parte demandada ha dejado de cumplir por más de tres meses con los pagos mensuales del préstamo antes referido, ignorando las gestiones para el cobro hechas por la parte demandante, las cuales han sido infructuosas.

9. Que conforme lo acordado en el pagaré, el deudor aquí demandado, se comprometió al pago de una suma equivalente al 35% de la suma principal del pagaré para el pago de las costas, gastos y honorarios de abogado en que pueda incurrir el tenedor en caso de reclamación judicial, siendo dicha suma líquida y exigible en su totalidad a la reclamación para un total de $3,897.45.

10. Que la parte demandada acordó expresamente, mediante el pagaré, a someterse a la competencia de los tribunales que eligiese el acreedor, en el caso de reclamación judicial.

11. Que las sumas de dinero reclamadas en la presente demanda están vencidas, son líquidas y exigibles, y no han sido pagadas a pesar de las diligencias realizadas por la parte demandante para su cobro.

**Por todo lo cual,** se solicita de este Honorable Tribunal que previo los trámites legales pertinentes declare con lugar esta demanda y dicte sentencia contra las partes demandas por la cantidad adeudada de $11,136.71 más los intereses acumulados hasta su liquidación total y los recargos; más los gastos, costas y una suma para honorarios de abogados equivalente al 35% del monto de la obligación de $3,897.45.

En Manatí, Puerto Rico a hoy 18 de noviembre de 2010.

**Respetuosamente sometida.**

Lic. Luis N. Nazario Maldonado
Abogado Núm. 12,385
Apartado 1512
Manatí, Puerto Rico 00674
Tel.: 854-7004
Fax: 854-7145
nazario@lnazario.com