IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>NELSON VARGAS CORDERO<br>MARY J. RODRIGUEZ QUIÑONES<br><br>Debtors<br><br>IN RE:<br>NELSON VARGAS CORDERO<br>MARY J. RODRIGUEZ QUIÑONES<br><br>Plaintiffs<br><br>vs.<br><br>COOPERATIVA DE AHORRO Y CREDITO NUESTRA SEÑORA DE LA CANDELARIA; X, Y, and/or Z INSURANCE CO.; JOHN DOE AND JANE ROE<br><br>Defendants<br><br>JOSE CARRION MORALES<br>CHAPTER 13 TRUSTEE/PARTY IN INTEREST<br>CASE 11-02484-BKT | Case No. 98-10612 (ESL)<br><br>CHAPTER 13<br><br><br><br><br><br><br><br><br><br>Adv. No. 11-00151- ESL<br><br>VIOLATION OF DISCHARGE INJUCTIVE RELIEF / CONTEMPT / DAMAGES |

MOTION IN OPPOSITION OF ENTRY OF DEFAULT AND REQUEST FOR SHORT EXTENSION OF TIME TO ANSWER THE COMPLAINT OR OTHERWISE PLEAD

TO HONORABLE COURT:

Come now, Cooperativa de Ahorro y Crédito La Candelaria (hereinafter Candel Coop), that respectfully states, prays, and requests as follows:

1. On September 12, 2011 Debtor Plaintiff's in the case at bar filed a Motion for Default Judgment against Candel Coop (Docket Number 12), and on September 13 they also filed an Amended Certificate of Service (Docket 13). For the reasons set forth herein we oppose the

motion and request from the Court to deny the request made by the Plaintiffs and to grant Candel Coop a short extension of time to answer the complaint or otherwise plead until October 4, 2011.

2. Prior to the service of process in this case, Plaintiffs´ counsel had been in communication with the undersigned regarding this claim as part of an extrajudicial notice of this claim made on behalf of the Plaintiffs, and as part of efforts to reach an out of court agreement. Plaintiffs´ counsel knew from a prior case that our office did represent Candel Coop in bankruptcy matters, and in fact, once the extrajudicial came arose, Candel Coop referred the matter to the undersigned for investigation, analysis and recommendations.

3. Once the communications between the attorneys did not reach any agreement, we advised Candel Coop to keep us informed if they were served with the complaint and the summons to act upon the claim thereafter.

4. In July, 2011 we received by mail from Plaintiffs´ counsel a copy of the complaint, the pre trial order and the summons. However, since we have no authority as attorneys to receive service of process on behalf of the client, we did not enter an appearance nor answered the complaint. However, we once again asked our client to keep us informed if service of process was received,

5. Thereafter in September 2011, Candelcoop made us aware that a Motion Requesting Default Judgment was currently pending before this Honorable Court. After reviewing the motion and after inquiring with the client as to whether the summons and the complaint were received, we were informed that it was received by mail, but that no process server as in the past had visited Candel Coop to formally deliver the copy of the complaint and the summons as it ordinarily occurs when Candel Coop is sued.

2

6. Since at Candel Coop it was understood that our office was taking care of this claim, and since there was a lack of knowledge at Candel Coop that the entity could be served by mail without any waiver, our office was not alerted of the fact that Candel Coop was duly served by the corresponding officials of Candel Coop..

7. We respectfully request that this Court not enter the default order since our delay in timely reponding is due to the misunderstanding between the client and the undersigned as set forth above. Furthermore, we make that request considering the public policy that cases and controversies be adjudicated in the merits. In that respect we ask the Court to take into consideration the fact that the Federal Rules of Civil Procedure just as the Bankruptcy Rules must be interpreted in such way that justice is served, and in the spirit of Rule 1 of the Federal Rules of Civil Procedure, and as part of such objective there is an interest in safeguarding the policy of the law to adjudicate controversies on the merits. See Conley v. Gibson supra. See also Wright & Miller, Federal Practice and Procedure §1029 (1973). Accordingly, we respectfully request from the Court to deny the entry of the default and to grant the short extension of time requested until Tuesday, October 4, 2011. Finally, the case is just beginning and we respectfully believe that the Plaintiffs will not be harmed by this delay.

WHEREFORE, it is respectfully to from the Court to deny the Motion for Default Judgment filed by the Plaintiff and to grant the extension requested.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 28th day of September, 2011.

I hereby certify that on this same date a true and exact copy of this motion was sent to Edwin Matos Maldonado and Felix Zeno Gloró through the Electronic Case Management System

3

just as to: Nancy Pujals, Esq.- nancy.pujals@usdoj.gov; Monsita Lecaroz, Esq. - monsita.lecaroz@usdoj.gov.

| | |
|---|---|
| S/CYNTHIA NAVARRO PAGAN | S/ROBERTO MALDONADO NIEVES |
| CYNTHIA NAVARRO PAGAN | ROBERTO MALDONADO NIEVES |
| U.S. Id. 203602 | U.S. Id. 202209 |
| C/7 N. E. #344, Suite 2-B | C/7 N. E. #344, Suite 1-A |
| Esq. Franklin D. Roosevelt | Esq. Franklin D. Roosevelt |
| San Juan, Puerto Rico 00921 | San Juan, Puerto Rico 00921 |
| Tel.: (787) 792-2955 | Tel. (787) 782-3221 |

mpd

C:\Users\Cyndi\AppData\Local\Microsoft\Windows\Temporary Internet Files\Low\Content.IE5\1CKH92DM\Motion_Opposition_of_Entry[1].wpd