# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br>NELSON VARGAS CORDERO<br>MARY J RODRIGUEZ QUINONES | CASE NO. 98-10612-ESL |
| DEBTORS | CHAPTER 13 |
| IN RE:<br>NELSON VARGAS CORDERO<br>MARY J RODRIGUEZ QUINONES | |
| PLAINTIFFS | |
| V | |
| COOPERATIVA DE AHORRO Y CREDITO<br>NUESTRA SENORA DE LA CANDELARIA;<br>X,Y,Z INS CO; JOHN DOE AND JANE ROE | ADV. NO. 11-00151-ESL<br>VIOLATION OF DISCHARGE<br>INJUNCTIVE RELIEF |
| DEFENDANTS | DAMAGES |
| JOSE CARRION MORALES<br>PARTY IN INTEREST/ CASE # 11-02484-BKT | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RESPONSE IN OPPOSITION TO DEFENDANT'S OPPOSITION TO DEFAULT AND REQUEST FOR EXTENSION OF TIME TO ANSWER COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW**, the Plaintiffs in the above captioned proceeding, through the undersigned attorney and to this Honorable Court respectfully request and pray as follows:

1. Pending in this proceeding is the Plaintiffs' motion for default judgment filed in accordance with law and after due process and sufficient time to respond was allowed to the Defendant, CandelCoop. (The "default motion") (See Dkt. 12) The default motion was filed on September 12, 2011, that is, over fifty days *after* service of process was made and certified to the Court. (See Dkt. 8, certifying service issued on July 22,

1

2011 via certified mail). Ordinarily, a Defendant has 30 days to answer a complaint.

2. Now comes CandelCoop, through its attorney, opposing the default motion without any reference to law or fact as to why such properly filed motion should not be granted. (Dkt. 14; "opposition") As stated by counsel for CandelCoop in the motion at issue opposing default and asking for time to answer the complaint, CandelCoop was "duly served" by Plaintiffs. This fact is undeniable and supported by evidence of proper service in the default motion itself.

3. As further admitted by CandelCoop, at all times relevant, it and its counsel were in receipt of the summons and complaint, but they simply chose to ignore it.

4. CandelCoop clearly states that it knew of this matter prior to litigation. What CandelCoop does not tell the Court is that for the better part of this year, the undersigned attorney has been struggling with CandelCoop and with its attorney to: 1) cease the violations against the Debtors; 2) deal directly with the Debtors to mitigate any claims; and 3) work with counsel on a reasonable demand for settlement served on CandelCoop's counsel many, many months ago.

5. To date, CandelCoop has not raised the phone to respond to Plaintiffs or make an effort to avoid this litigation. But now it wants more tax payer subsidized time to answer and continue this litigation.

6. Whether CandelCoop should get so many bites at the apple in delaying and ignoring its duty to resolve the consequences of its own wrongdoing is a matter entrusted to the sound discretion of this Honorable Court. The Plaintiffs, however, vehemently oppose for the reasons set forth in

CancelCoop's own opposition, and in this paper.

7. CandelCoop's request is baseless and wholly unfair to the Plaintiffs. And since it is CandelCoop that makes reference to irrelevant prudential matters, such as previous litigation between counsel for each party, then counsel for Plaintiff may note that CandelCoop's opposition is "exhibit 1" of the manner of gamesmanship and attrition that may be employed by Defendant to drag this simple case on endlessly. The motion to re-open as well as the complaint are rife with hard, undeniable evidence in support of a clear and concise recitation of facts that no amount time will be sufficient for CandelCoop to deny or avoid. Therefore, the only issue left for decision is that of damages.

8. Simply put, CandelCoop's opposition succinctly sets forth the best reasons why its prayer for relief must be denied. Therefore, for the foregoing reasons, the Plaintiffs pray CandelCoop's opposition be denied and the matter set for a hearing on the issue of damages and/or discovery.

WHEREFORE, the Plaintiffs pray the motion filed by CandelCoop requesting more time to answer the complaint and opposing default judgment be summarily denied.

## CERTIFICATE OF SERVICE

**I hereby certify** that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends notification of such filing to all those who have registered for receipt of notice by electronic mail, including the U.S. Trustee at ustpregion21.hr.ecf@usdoj.gov, Chapter 13 Trustee, Jose Carrion Morales, and to CandelCoop and or its counsel of record.

RESPECTFULLY SUBMITTED,

**In Arecibo, Puerto Rico, this 29th day of September, 2011.**

By: **/s EDWIN MATOS MALDONADO**
**USDC 226403**
**FELIX M ZENO GLORO**
**USDC 124212**
**PO BOX 1945 ARECIBO PR 00613**
**TEL 879-1760 FAX 880-2756**
**administracion@zenogloro.com**