IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

CASE NO 98-10612-ESL

CHAPTER 13

DEBTORS

---

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

PLAINTIFFS

Vs.

COOPERATIVA DE AHORRO Y CREDITO
NUESTRA SENORA DE LA CANDELARIA;
JOHN DOE and JANE ROE;
X,Y, AND/OR Z INS. COS.

ADV. NO.: 11-00151

VIOLATION OF
DISCHARGE;
INJUNCTIVE RELIEF;
CONTEMPT/DAMAGES

DEFENDANTS

JOSE CARRION MORALES
CHAPTER 13 TRUSTEE/PARTY IN INTEREST
CASE # 11-02484

---

**PLAINTIFFS' PRETRIAL REPORT IN LIEU
OF LBR 7016-1(c) and 7026-1(c), JOINT PROPOSED PRETRIAL ORDER
AND DISCOVERY PLAN**

Come now, the Plaintiffs in the above-captioned adversary proceeding, through the undersigned attorney and very respectfully submit the following "Pretrial Report" in order to adhere to local practice requirements set forth in Local Bankruptcy Rules 7016, 7026, 9014, and all applicable local and federal rules of procedure.

I. **BACKGROUND AND PROCEDURE:**

1. The Plaintiffs are filing this Pretrial Report on their behalf given the failure of their best efforts and continuing attempts to obtain the cooperation of the Defendant and its counsel. Thus, at this time it appears that a joint proposed pretrial order or discovery plan cannot be reached.

2. The Plaintiffs filed the adversary complaint on July 15, 2011. (the "Complaint") The motion to reopen bankruptcy case 98-10612 was filed on January 28, 2011 and was granted on February 24, 2011, (see, Bkcy. Docket 15, 18)[1]

3. This is an action for damages for violations of section 524 of the Bankruptcy Code (the "discharge injunction"), contempt of court and for punitive and other damages and legal costs and attorneys' fees for contempt of Court, in accordance with applicable law.

4. The jurisdiction of the Court to hear and adjudicate this matter is uncontested.

5. By leave or Court, over 20 days late and facing a motion for default judgment, the Cooperativa de Ahorro y Credito Nuestra Señora de la Candelaria ("Defendant" or "CandelCoop") filed its answer to the complaint on October 4, 2011. (Adv. Docket 14, 16) (the "Answer")

6. A pre-trial conference is presently scheduled for November 18, 2011 (Adv. Docket 9)

7. Plaintiffs have offered to make the initial disclosures as would be required by Federal Bankruptcy Rule 26(a) to Defendant. Defendant has not answered.

---

[1] References to the closed bankruptcy case shall be to "Bkcy. Docket __"; references to the docket in this adversary proceeding shall be to "Adv. Docket __".

2

8. Plaintiffs have made numerous efforts to confer with CandelCoop as required by Federal Bankruptcy Rule 26(f). Most recently on October 17, 24, & 31, 2011 and on November 3, 2011, counsel for Plaintiffs made numerous calls and electronic messages to counsel for CandelCoop in order to establish the procedures and convenient dates to hold the mandatory Rule 26(f) conference. To date, CandelCoop has not responded to or acknowledged those communications.

## II. SETTLEMENT:

9. Per the request of attorney Roberto Maldonado Nieves of the office for the appearing counsel for CandelCoop, on or about March 2, 2011, the Plaintiffs forwarded a "demand for settlement" to CandelCoop in the amount of ten thousand dollars ($10,000). The Defendant has not made a formal response accepting or rejecting the Plaintiffs' demand.

## III. DISPUTED FACTS / MERITS OF THE CASE:

10. The Complaint has forty-five (45) material factual allegations and statements. Many are admitted and uncontested or CandelCoop's denials and qualified "drafting" denials are immaterial to the essential facts and legal issues supporting the Plaintiffs' right to relief.

11. Furthermore, CandelCoop's perfunctory denials do not stand scrutiny when the facts and allegations asserted in the Complaint are corroborated against the evidentiary support cited and/or provided by Plaintiffs, either by reference to the docket of case 98-10612 and to exhibits filed in support of the Complaint.

12. To the best of the Plaintiffs' reading of Defendant's Answer, there are no material issues of fact or viable defenses that could hinder or delay a summary decision on the issue of CandelCoop's liability.

13. As to CandelCoop's blanket defenses regarding the need to add additional parties, or claiming "inducement" to violate the discharge injunction by Plaintiffs, the same lack any support in law, fact or evidence.

14. The Complaint charges CandelCoop with violations of discharge and contempt of court, each of which was thoroughly documented in the motion to re-open and in the Complaint with copies of state court records filed by CandelCoop's local attorney in its wrongful pursuit of the discharged claim. CandelCoop's Answer admits the majority of the factual allegations tending to establish the violation of stay, such as notice and knowledge of the bankruptcy case and discharge. Thus, liability is clearly established because the subjective "willfulness" requirements can be established as a matter of law.

## IV. REMAINING PRETRIAL PROCEEDINGS AND DISCOVERY:

15. In view of the Defendant's and its attorney's complete disregard for, and failure to confer with the undersigned counsel and to comply with applicable rules and law, Plaintiffs believe that CandelCoop should be sanctioned in accordance with the provisions of Local Bankruptcy Rule 7026-1(d)(2). Specifically, CandelCoop should not be allowed to take any discovery on the merits of the claims or defenses and should be caused to waive its defenses. Discovery for Defendant should be limited to the issues of damages, if at all.

16. If the Court will not sanction CandelCoop's failure to abide by law, then documentary, written and deposition discovery should be scheduled to end no later than January 15, 2012. Most of the documents in support of the claims and defenses of the parties are already part of the record.

17. The Plaintiffs do not expect to or intend to take deposition discovery. The Plaintiffs can be made ready and available to be deposed upon a reasonably timed request or notice by CandelCoop; to be issued and held, preferably, before December 31, 2011.

18. Written discovery by Plaintiffs can be issued on or before December 10, 2011. Plaintiffs stand ready to answer any written discovery by Defendant within the time prescribed by rule. Thus, CandelCoop should be ordered to issue any written discovery against Plaintiffs on or before December 10, 2011.

19. Regarding deposition of other witnesses to the Defendant's violations, namely, the Plaintiffs' co-debtors on the discharged claim, notices and subpoenas for deposition to these witnesses should be issued by CandelCoop no later than December 10, 2011.[2]

## V. SUMMARY DISPOSITION AND TRIAL:

20. The legal issues are not complex and the facts regarding CandelCoop's violations of the discharge injunction and contempt of court can be established by the available documentary evidence on record.

---

[2] It is beyond dispute that CandelCoop sued the Plaintiffs' co-debtors in state court and, therefore, CandelCoop has ready access to these witnesses and to their contact information so that it may subpoena and depose them without delay or need for Plaintiffs to intervene in making them available. However, Plaintiffs can supply contact information if requested.

21. Given CandelCoop's failure to comply with the law and rules of procedure, Plaintiffs believe and urge the Court to declare CandelCoop's default on the issue of liability. If the Court does not apply the foregoing sanction, then it should impose the foregoing expedited discovery calendar on CandelCoop and set this matter for summary disposition with submissions due no later February 5, 2012.

22. A one-day trial on damages should be scheduled for March, 2012.

23. The Plaintiffs stand ready to conclude and try this matter much sooner, in the discretion of the Court.

## VI. CONCLUSION:

For all the foregoing reasons, the Plaintiffs believe that a resolution of this case will be facilitated if the Court issues a scheduling order after considering the history of the case set forth above, and the suggestions made by the Plaintiffs herein. Furthermore, for their failure to comply with applicable law and rules, CandelCoop should be subject to the sanctions prescribed in Local Rule 7026-1(d)(2) & (h) or any other sanction deemed appropriate by the Court, including costs and attorney fees for causing the filing of this paper.

**WHEREFORE**, Plaintiffs prays that the Court take notice of the content of the Plaintiffs' Pre-trial Report and provide as justice requires.

**RESPECTFULLY SUBMITTED**, in Arecibo, Puerto Rico this 7th day of November, 2011.

/s Edwin Matos Maldonado
EDWIN MATOS MALDONADO
USDC 226403
FELIX M ZENO GLORO
USDC 124212
LIAVANESSA FONTANEZ RUIZ
USDC 213707

PO BOX 1945 ARECIBO P.R. 00613
TEL: 787-879-1760; FAX: 880-2756
tribunal@zenogloro.com

## CERTIFICATE OF SERVICE

We hereby certify that a copy of the foregoing paper was sent to the U.S. Trustee, to the Office of the Chapter 13 Trustee and to Lcda. Cynthia Navarro, counsel for Defendant, CandelCoop, through the Court's electronic filing system at the email address on file with the Court. Counsel for CandelCoop was also notified by email of the filing of this paper.

RESPECTFULLY SUBMITTED, in Arecibo, Puerto Rico this 7th day of November, 2011.

/s Edwin Matos Maldonado
EDWIN MATOS MALDONADO
USDC 226403
FELIX M ZENO GLORO
USDC 124212
LIAVANESSA FONTANEZ RUIZ
USDC 213707
PO BOX 1945 ARECIBO
P.R 00613
TEL: 787-879-1760; FAX: 880-2756
tribunal@zenogloro.com