IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

DEBTORS

CASE NO 98-10612-ESL

CHAPTER 13

---

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

PLAINTIFFS

Vs.

COOPERATIVA DE AHORRO Y CREDITO
NUESTRA SENORA DE LA CANDELARIA;
JOHN DOE and JANE ROE;
X,Y, AND/OR Z INS. COS.

DEFENDANTS

ADV. NO.: 11-00151

VIOLATION OF DISCHARGE
INJUNCTIVE RELIEF /
CONTEMPT/DAMAGES

---

JOSE CARRION MORALES
CHAPTER 13 TRUSTEE/PARTY IN INTEREST
CASE # 11-02484

---

### PLAINTIFFS' MOTION FOR SANCTIONS AGAINST CANDELCOOP
### FOR FAILURE TO COMPLY
### WITH SCHEDULING ORDER REGARDING DISCOVERY

TO THE HONORABLE COURT:

I. **MOTION FOR SANCTIONS:**

1. Plaintiffs, by their counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure

1

("FRCP") as made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 7037 ("FBR"), Local Bankruptcy Rules 7026-1(h) and 7037-1 (the "LBRs") and 11 USC 105 and to the order of Court allowing 45 days for discovery entered at docket 31 (the "Scheduling Order"), respectfully move this Honorable Court to impose sanctions upon Cooperativa de Ahorro y Credito Nuestra Senora de la Candelaria ("Defendant" or "CandelCoop") for failure to take discovery and for failure to comply with the Scheduling Order. Therefore, Plaintiffs respectfully move for the following **SANCTIONS**: [1]

   a. preclude CandelCoop from taking deposition on the issue of damages;

   b. preclude CandelCoop from taking any further or other form of discovery on any other issue raised in the Complaint and/or in CandelCoop's Answer to the Complaint;

   c. allow Plaintiffs to file a bill of costs and order CandelCoop to pay reasonable costs, legal fees and expenses associated with this motion;

   d. set aside the Scheduling Order and order a status conference; and

   e. such further relief as the Court deems necessary and just under the circumstances.

2. As explained in the accompanying memorandum of law, *infra*, CandelCoop has failed to comply with the Scheduling Order granting the parties 45 days to take discovery; specifically, as demanded by CandelCoop on the issue of damages. CandelCoop's attrition and inaction is visible in the docket of the case since re-opening. Now, it has failed to take, timely reschedule, or otherwise inform Plaintiffs on the status of the deposition that it

---

[1] Plaintiffs do not read FBR 7037 or LBR 7037-1 as requiring a certificate of conference since this is a motion for sanctions for failure to comply with discovery under Federal Bankruptcy Rule 7037(b),(c), and not a motion to compel discovery or to supplement responses. However, out of an abundance of caution Plaintiffs will file a Rule 37 certificate of conference together with this motion.

2

requested. CandelCoop has not moved for an extension of time or to modify the Scheduling Order. Defendant has not communicated with Plaintiffs in order to set a new date for a deposition despite Plaintiffs requests to do so prior to bringing this motion. The relevant facts in support of this motion are as follows.

3. On November 18, 2011, a status conference was held wherein CandelCoop announced the need to take deposition testimony, particularly to ascertain Plaintiffs' claims for damages. The Court granted 45 days for the parties to conclude discovery in response to CandelCoop's claim that it needed to take deposition and other discovery. (Dkt. 31)

4. On December 2, 2012, the Plaintiffs were served with a copy of CandelCoop's first request for discovery to Plaintiffs containing interrogatories and requests for production of documents. (the "request"). The request also included a notice of deposition, scheduling the same for December 28, 2011. (The "notice") The cover letter to the request stated that the notice of deposition was subject to Plaintiffs' ability to serve responses to interrogatories and produce documents well in advance of the deposition date. Needless to say, and for reasons that should have been obvious to CandelCoop when it issued the notice, Plaintiffs could not commit to the deposition date. First, because the notice was clearly too short on notice (no pun intended) giving Plaintiffs only 26 days to answer the request and to prepare for a deposition after service of the notice. Next, because under the rules Plaintiffs had 30 days from the date of service to comply with the request—upon which the notice was conditioned. Finally, because of the burden represented on all concerned caused by the holiday season. Thus Plaintiffs timely informed CandelCoop that despite their best efforts, they would not be available for the deposition on the 28th December.

5. On December 30, 2011 Plaintiffs emailed their responses to the request and offered the

3

dates of January 9, 13 or 17, 2012 to conduct the deposition. Plaintiffs' responses and document production was also served by mail. CandelCoop declined the offer for a new deposition date without rescheduling, on grounds that its attorney was caught up with a complicated arbitration matter, and that he would advise Plaintiffs when he became available to proceed. Plaintiffs expressed their understanding and willingness to make "reasonable" accommodations to CandelCoop's counsel's schedule, but not open-endedly. Follow-up communications by Plaintiffs in January for a new deposition date went unanswered.

6. In view of CandelCoop's silence, Plaintiffs then offered any day on the week of February 9 to 13, 2012 as their final proposal to reschedule and take the deposition. Again, CandelCoop responded with silence, and did not offer an alternative date. CandelCoop has not informed on the status of its attorney's schedule either. To date, Plaintiffs have not heard anything further from CandelCoop regarding the deposition. Thus, Plaintiffs' conclude that CandelCoop has waived the time and right it requested to take the deposition, and wishes to proceed to summary disposition of this matter.

7. Plaintiffs, on the other hand, have fully complied with CandelCoop's discovery requests and produced responsive documents establishing the nature of the violation and damages.

8. Furthermore, Plaintiffs pointed out to CandelCoop that its Answer to the Complaint must be amended because at the status conference and throughout the Complaint, it is quite evident that bankruptcy case 98-10612-ESL is the case subject of this dispute, and none other. Thus, no basis exists for CandelCoop's inadequate Answer based on lack of knowledge or alleged lack of clarity in the Complaint. Again, CandelCoop has not answered Plaintiffs request to amend its Answer.

9. Therefore, Plaintiffs believe that adhering to the terms of Scheduling Order or otherwise

filing satellite litigation on procedural or discovery issues will only extend and delay this ordinary discharge violation case beyond its likely term and will be of futility and waste to the Court, and to Plaintiffs.

10. Thus, Plaintiffs pray that CandelCoop be precluded from further discovery and that a status conference be scheduled and held quite promptly.

11. Plaintiffs believe that LBR 9013-2(b)(7) exempts them from filing a memorandum of law in support of this motion which by its terms is "solely related to discovery matters". Nevertheless, a memo supporting the Plaintiffs' plea for relief is included.

## II.  MEMORANDUM OF LAW

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and applicable FBRs and LBRs, Plaintiffs respectfully submit the following memorandum of law in support of their motion for sanctions. As stated above, it has become clear that any effort to have CandelCoop move this case along pursuant to local practice and the Scheduling Order will be a wasted effort.

Plaintiffs need to prosecute this case and show that Plaintiffs' contentions regarding the violations of the discharge injunction are true and actionable in damages. Specifically, the discharge violation being undisputable on the evidence in the record, it is the Defendant's burden to dispute or defeat the Plaintiffs' claim for damages. Plaintiffs have complied with CandelCoop's requests for discovery and have attempted to work to diligently establish a date for the deposition testimony that CandelCoop requested.

CandelCoop has had sufficient time to reschedule and take the deposition. It has neglected every accommodation offered by Plaintiffs. For sure, the Defendant is not free to subject the Plaintiffs to as much time as it pleases to conclude this case. If CandelCoop actually has facts to support its defenses to the discharge violation and, especially, to Plaintiffs'

generalized claims of emotional damages, it needed to act in the time allotted by the Court for taking discovery, agree to another date with Plaintiffs, or move to extend it if Plaintiffs didn't cooperate. CandelCoop didn't. The time granted to CandelCoop has elapsed, and CandelCoop still remains silent on its purported need or intent to take deposition discovery. Thus, CandelCoop should be precluded from taking the deposition for its failure to act. *In re: Vitamins Antitrust Litig.,* 216 F.R.D. 168, 172 (D.D.C. 2003) (sanctions in the context of Rule 30(b)(6) depositions). In fact, CandelCoop has not even made the voluntary disclosures required under FRCP 26.

FRCP 37 provides the remedies applicable to discourage Defendant's attrition and neglect. A trial court is afforded a great deal of discretion in deciding the appropriate sanction to impose, even to craft its own manner of sanctions. *Maynard v. Nygren,* 332 F.3d 462, 468 (7th Cir. 2003); *see, also, In re Stark,* 311 B.R. 750, 753 (Bankr. N.D. Ill. 2004). For sure, courts are not required to select the least severe sanction. *Golant v. Levy,* 239 F.3d 931, 937 (7th Cir. 2001) (citing *Melendez v. Ill. Bell Tel. Co.,* 79 F.3d 661, 672 (7th Cir. 1996)). Surely CandelCoop may respond with subterfuge, excuses and more requests for delay to this motion. This Court need only make certain that "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Salgado v. GMC,* 150 F.3d 735, 740 (7th Cir. 1998). No manner of excuse or accusation by CandelCoop should allow it to escape this Court's power to remedy violations of law and administer its docket in an economical and fair form. *See, In re LTV Steel Company, Inc.,* 307 B.R. 37 (Bankr. N.D. Ohio 2004) (barring creditor from offering evidence on issue for which discovery was sought as sanction for failure to comply with Scheduling Orders). Thus, Plaintiffs pray the sanctions

requested herein be applied to CandelCoop and this proceeding moved to summary disposition forthwith.

CandelCoop's decision to ignore the terms of the Scheduling Order without informing the Court and its failure to move to extend it or to otherwise work with Plaintiff to reschedule the deposition warrant the preclusive sanctions being requested. A monetary sanction should be awarded to compensate counsel for the Plaintiffs and to discourage future obstructionist behavior by CandelCoop. Section 105 of the Bankruptcy Code and FRCP 37(b)(2) clearly empower this Court to impose fees and costs on CandelCoop for its conduct on the matter of talking the deposition in accordance with the Scheduling Order. *See, United Sheeplined Clothing Co. v. Arctic Fur Cap Corp.*, 165 F.Supp. 193 (S.D.N.Y.1958); *Austin Theatre, Inc. v. Warner Bros. Pictures, Inc.*, 22 F.R.D. 302 (S.D.N.Y.1958).

A trial is scheduled for May 8, 2012 and ten days before, a "joint" pretrial report is expected from the parties. (Dkt. 34) Based on the state of affairs created by CandelCoop, Plaintiffs pray that all scheduled matters be set aside and this proceeding be moved to summary judgment on all issues. A new status conference should be scheduled immediately to deal with the expedited disposition of this proceeding.

## III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that CandelCoop be precluded from taking deposition discovery, or any further discovery. Furthermore, Plaintiffs pray a bill of costs be awarded to Plaintiffs' counsel for the need to bring this motion and all attendant hearings on the same. Plaintiffs pray that all scheduled matters be set aside, this proceeding be set for summary disposition, and a status conference be held as soon as practicable to the Court to consider expediting the disposition of this proceeding.

## CERTIFICATE OF SERVICE

We hereby certify that a copy of the foregoing motion was filed through the Court's CM/ECF system which automatically sends notice to the Office of the U.S. Trustee, the Office of the Chapter 7 Trustee and to Lcdo. Roberto Maldonado, counsel for Defendant, CandelCoop, through the Court's electronic filing system at the email address on file with the Court. A copy of this motion was also served on counsel for CandelCoop by first class mail and email.

RESPECTFULLY SUBMITTED, in Arecibo, Puerto Rico this 29th day of March, 2012.

/s Edwin Matos Maldonado
EDWIN MATOS MALDONADO
USDC 226403
FELIX M ZENO GLORO
USDC 124212
LIAVANESSA FONTANEZ RUIZ
USDC 213707
PO BOX 1945 ARECIBO P.R. 00613
TEL: 787-879-1760; FAX: 880-2756
tribunal@zenogloro.com

## CERTIFICATE OF COMPLIANCE WITH LBR 7037-1 CONFERENCE

Plaintiffs, by their counsel, pursuant to LBR 7037-1, file this certificate describing the attempts to resolve the dispute with respect to Plaintiffs' Motion for Sanctions for CandelCoop's failure to comply with the Scheduling Order and take deposition discovery as it requested. As described in detail in the Motion, counsel for Plaintiffs made several efforts to establish communication with counsel for CandelCoop to reschedule the deposition of Plaintiffs, prior to filing this motion. To date, CandelCoop has not accepted Plaintiffs' dates to reschedule. Furthermore, CandelCoop has not offered any alternate dates to take the deposition nor has it made any attempt to communicate with Plaintiffs' counsel on this matter. Therefore, to the extent that LBR 7037-1 requires a conference prior to filing a motion for sanctions for violation of a Scheduling Order, Plaintiffs have complied.

RESPECTFULLY SUBMITTED, in Arecibo, Puerto Rico this 29th day of March, 2012.

/s Edwin Matos Maldonado
EDWIN MATOS MALDONADO
USDC 226403
FELIX M ZENO GLORO
USDC 124212
LIAVANESSA FONTANEZ RUIZ
USDC 213707
PO BOX 1945 ARECIBO P.R. 00613
TEL: 787-879-1760; FAX: 880-2756
tribunal@zenogloro.com