IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

DEBTORS

CASE NO 98-10612-ESL

CHAPTER 13

---

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

PLAINTIFFS

Vs.

COOPERATIVA DE AHORRO Y CREDITO
NUESTRA SENORA DE LA CANDELARIA;
JOHN DOE and JANE ROE;
X,Y, AND/OR Z INS. COS.

DEFENDANTS

ADV. NO.: 11-00151

VIOLATION OF DISCHARGE
INJUNCTIVE RELIEF /
CONTEMPT/DAMAGES

---

JOSE CARRION MORALES
CHAPTER 13 TRUSTEE/PARTY IN INTEREST
CASE # 11-02484

---

## PLAINTIFFS' UNCONTESTED FACTS, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**TO THE HONORABLE COURT:**

COME NOW, THE PLAINTIFFS in the above-captioned proceeding, acting through counsel and in compliance with the order establishing the trial of this proceeding (Dkt. 34), hereby file Plaintiffs' Uncontested Facts, Proposed Findings of Fact and Conclusions of Law.

1

## UNCONTESTED FACTS

1. On July 31, 1998, Plaintiffs filed bankruptcy case # 98-10612-ESL, a chapter 13 case, in the Bankruptcy Court for the District of Puerto Rico. (See docket, bankruptcy case # 98-10612-ESL) (references to case # 98-10612 shall be to "Bkcy Dkt __"; references to the docket of this proceeding shall be to Adv. P. 11-00151)

2. Schedule F to the petition in case 98-10612 lists an unsecured claim for an account ending in 4059-2 in favor of the Cooperativa de Ahorro y Credito Nuestra Senora de la Candelaria ("CandelCoop" or "Defendant") (See Bkcy Dkt. 1, Schedule F)

3. CandelCoop was listed in the creditor mailing matrix in Bkcy # 98-10612-ESL. (See creditor mailing matrix in case 98-10612-ESL)

4. The Court issued notice to creditors of the filing of Debtors' case and of the section 341 meeting of creditors. (See Bkcy Dkt. 3, certificate of service)

5. CandelCoop was listed in the certificate of service giving notice of Debtors' bankruptcy case and of the 341 meeting of creditors. (Id.)

6. CandelCoop filed a proof of claim in case # 98-10612. (See Bkcy 98-10612-ESL, claims register, claims 6 & 9) (Adv. P. 11-00151, Complaint / Answer at par 11)

7. CandelCoop's claim was filed to collect on account ending in #4059 and/or 4059-2, for money loaned to Debtors. (Id.)

8. The Debtors received a discharge in case 98-10612-ESL. (See Bkcy Dkt. 11) (Adv. P. 11-00151, Complaint / Answer at par 10)

9. CandelCoop was issued notice of the order of discharge by the Court. (Id.); (Bkcy Dkt 13)

10. The address to which Candelcoop was issued notice of the discharge order is the same

2

address listed by CandelCoop in its proof of claim. (Dkt. 13; Case 98-10612 claims register, claims 6, 9)

11. CandelCoop filed collection of money action # CM 10-1548, in First Instance Court of Vega Baja ("Vega Baja court"). (See Complaint, Adv. P. 11-00151, Exhibit 1) (Adv. P. Complaint / Answer par 18)

12. Debtors were served process for CandelCoop's collection of money action in Vega Baja state court. (Id.) (Adv. P. 11-00151, Complaint / Answer par 20)

13. CandelCoop filed a motion in response to order in the state court attesting that the Debtors' bankruptcy had not been granted. (See Complaint, Adv. P. 11-00151, Exhibit 2) (Adv. P. 11-00151, Complaint / Answer par 24)

14. CandelCoop's action in Vega Baja state court was to collect on the same claim discharged in bankruptcy case 98-10612. (Id.)

## PROPOSED FINDINGS OF FACT

15. As a result of CandelCoop's legal action to collect the discharged claim in Vega Baja court, the Plaintiffs were made to attend state court hearings, retain bankruptcy counsel to file this adversary proceeding, and have been compelled to deal with the violation and defend against it. (See Complaint Adv. P. 11-00151 and Exhibits)

## CONCLUSIONS OF LAW

16. CandelCoop had actual notice of the discharge of the claim.

17. CandelCoop's act to file collection of money action in Vega Baja court was done willfully and intentionally.

18. All of CandelCoop's pleadings, motions and papers as well as process employed in the Vega Baja court collection action against Debtors were acts done willfully, intentionally

and voluntarily.

19. CancelCoop's action in Vega Baja court willfully and intentionally violated the discharge injunction and willfully and intentionally acted in contempt of the discharge order.

## PLAINTIFFS' EVIDENCE AT TRIAL

20. Plaintiffs do not intend to file or present any evidence at trial on any issue, or otherwise call witnesses to testify on their behalf. To support damage claims, Plaintiffs intend to rely on the record of the case and on affidavits to be submitted, if needed.

21. Plaintiffs, if duly, timely and properly called upon by Defendant in the form of Defendant's report, called for in the docket 34 Order setting trial, will be made available to testify at trial and may, at Plaintiffs' counsel's discretion, be subject to direct examination by Plaintiffs' counsel.

**RESPECTFULLY SUBMITTED,** In Arecibo, Puerto Rico, this 27th day of April, 2012.

By: *[signature]*

Edwin Matos Maldonado, Esq.
*Lead Attorney*, USDC 226403
***BUFETE ZENO GLORO***
**EDWIN MATOS MALDONADO**
**USDC 226403**
**FELIX M ZENO GLORO**
**USDC 124212**
**LIAVANESSA FONTANEZ RUIZ**
**USDC 213707**

*Attorneys for Plaintiff*
**PO BOX 1945; ARECIBO PR 00613**
**TEL 879-1760 ; FAX 880-2756**
**tribunal@zenogloro.com**