IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

DEBTORS

CASE NO 98-10612-ESL

CHAPTER 13

---

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

PLAINTIFFS

Vs.

COOPERATIVA DE AHORRO Y CREDITO
NUESTRA SENORA DE LA CANDELARIA;
JOHN DOE and JANE ROE;
X,Y, AND/OR Z INS. COS.

DEFENDANTS

ADV. NO.: 11-00151

VIOLATION OF DISCHARGE
INJUNCTIVE RELIEF /
CONTEMPT/DAMAGES

---

JOSE CARRION MORALES
CHAPTER 13 TRUSTEE/PARTY IN INTEREST
CASE # 11-02484

---

## PLAINTIFFS' MOTION TO INFORM DEFENDANT'S DEFAULT AND CONTEMPT OF COURT

**TO THE HONORABLE COURT:**

COME NOW, THE PLAINTIFFS in the above-captioned proceeding, acting through counsel and very respectfully inform and pray as follows:

1. Plaintiffs moved for sanctions and other remedies, including a separate bill of legal costs

1

and fees by motion at Dkt. 37. Upon Defendant's default to respond the same was partially granted. (Dkt. 38), but the trial for May 8, 2012 was held in place. Plaintiffs filed their own findings with the Court, given Defendant's lack of response and cooperation in pre-trial procedures ordered by the Court pursuant to applicable law and rules. (Dkt. 40)

2. Plaintiff's then filed for summary judgment on the issue of liability. (Dkt. 42)

3. A one day trial was scheduled for May 8, 2012 which the Court kept on the calendar despite Plaintiffs' requests to set it aside in the motion for sanctions. (Dkt. 37, 38)

4. Defendant filed an extensive motion for reconsideration of the Dkt. 38 order regarding sanctions and holding the parties to the trial date. (Dkt. 43) In its reconsideration, Defendant asked to reschedule the trial date, etc.

5. On May 2, 2012, the Court granted the Defendant's motion for reconsideration. (Dkt. 44) In the Order at docket 44, the Court clearly and unambiguously ordered: "Defendants **shall** reply to the Plaintiff's Motion for Summary Judgment on the issue of liability (docket entry #42) **within 30 days.**" (emphasis added) Formal notice of the Order was certified by the Clerk on May 4, 2012. Today is June 8, 2012, and still no response to summary judgment from the Debtor.

6. Plaintiffs believe the record of delay and attrition in this case speaks for itself. Whatever the Defendant's issues regarding the adequacy or availability of its legal representation, we sympathize on a human level. However, such impediments, so intimate to the Defendant's particular circumstances, cannot be to the prejudice of the Plaintiffs' right to relief and especially not to the prejudice of the proper administration of justice.

7. Therefore, Plaintiffs pray that pursuant to the prayer in the motion for sanctions at docket

37 that Plaintiffs' counsel be granted leave to file for legal fees and costs for that motion, including legal fees for filing this motion. Furthermore, Plaintiffs' pray the motion for summary judgment on the issue of liability be granted as there simply is no plausible basis for Defendant to avoid liability under the clearly established facts of the case. Plaintiffs pray that trial on the issue of damages be ordered forthwith. Alternatively, for the Court to grant Plaintiffs leave to move for summary judgment on the issue of damages on the basis of affidavits and documentary evidence of damages served by Plaintiffs in discovery to Defendant. Plaintiffs pray the Court order Defendant to show cause why its lack of care and diligence in conducting this proceeding should not be met with monetary sanctions for contempt, among other remedies.

8. Time to oppose or respond to this motion under Local Rule 9013 is not in order as we are merely calling to the attention of the Court the need to establish procedural order given Defendant's failure to abide by Court orders and to respond to pending motions against it of which it already has actual notice, and matters already part of the procedural sequence and record of the case, such as the motion for discovery sanctions.

**WHEREFORE,** Plaintiffs pray relief be granted to Plaintiffs including, 1) granting the motion for sanctions at docket 37, including leave to file for legal costs and fees; 2) granting the Plaintiffs' motion for summary judgment on the issue of liability and, 3) granting the Plaintiffs leave to file for summary judgment on the issue of damages or, alternatively, scheduling a trial on damages expeditiously, and granting all further relief prayed for herein or that the Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED,** In Arecibo, Puerto Rico, this 8th day of June, 2012.

By: /s/ Edwin Matos Maldonado
EDWIN MATOS MALDONADO, Esq.
*Lead Attorney*, USDC 226403

**BUFETE ZENO GLORO**
**EDWIN MATOS MALDONADO**
**USDC 226403**
**FELIX M ZENO GLORO**
**USDC 124212**
**LIAVANESSA FONTANEZ RUIZ**
**USDC 213707**

*Attorneys for Plaintiff*
**PO BOX 1945; ARECIBO PR 00613**
**TEL 879-1760 ; FAX 880-2756**
**tribunal@zenogloro.com**