IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

DEBTORS

CASE NO 98-10612-ESL

CHAPTER 13

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

PLAINTIFFS

Vs.

COOPERATIVA DE AHORRO Y CREDITO
NUESTRA SENORA DE LA CANDELARIA;
JOHN DOE and JANE ROE;
X,Y, AND/OR Z INS. COS.

DEFENDANTS

ADV. NO.: 11-00151

VIOLATION OF DISCHARGE
INJUNCTIVE RELIEF /
CONTEMPT/DAMAGES

JOSE CARRION MORALES
CHAPTER 13 TRUSTEE/PARTY IN INTEREST
CASE # 11-02484

**PLAINTIFFS' POSITION REGARDING DEFENDANT'S
REQUESTS FOR FURTHER EXTENSIONS
IN OPPOSITION TO DEFAULT**

TO THE HONORABLE COURT:

COME NOW, THE PLAINTIFFS in the above-captioned proceeding, acting through counsel and very respectfully inform and pray as follows:

1

1. First, the Defendant failed to respond to the motion to reopen the case filed in January 2011.
2. Next, Defendant defaulted to timely answering the complaint.
3. After that, Defendant failed to join pre-trial proceedings established by law and order of court.
4. Then, Defendant essentially defaulted to being prepared for the first pre-trial conference held in this case, making an eleventh hour plea for status conference instead.
5. Next, Defendant defaulted on taking the discovery that it sought and requested from this Court, on the issue of damages.
6. Following that, Defendant defaulted to answering and/or opposing Plaintiffs' motion for sanctions.
7. Next, Defendant defaulted to timely answering Plaintiffs' motion for summary judgment on the issue of liability.
8. Now, Defendant is in default (and contempt) of an order of Court specifically ordering Defendant to respond within 30 days to Plaintiffs' motion for summary judgment—order entered May 2, 2012.
9. The foregoing litany of Defendant's actions and attitude in this proceeding demonstrates what is truly wrong with the Defendant's litigation posture in this case, that is, a fundamental disregard for the rule of law and an unbridled contempt for the authority of this Court. Not once has Defendant, a) timely moved to extend a deadline, or b) contacted Plaintiffs' counsel to negotiate and stipulate new or extended deadlines, or c) filed any form of paper or pleading in which Defendant sought relief from Court orders and/or pending scheduled proceedings, **before it defaulted on such orders or schedules.**

10. The motion for summary judgment has been pending since April 27, 2012. The rule is that a party must respond and oppose within 30 days. CandelCoop at docket 48 is, once again, asking for more time to live up to its grossly overdue legal responsibilities.

11. Plaintiffs will not interfere with the discretion of this Honorable Court regarding Defendant's latest plea for more time—after the fact of default and contempt. Nor will Plaintiffs impose upon the Court's inherent authority to grant equitable remedies not contemplated under the rules and to manage its docket with due regard to the sound administration of justice. However, Plaintiffs will reiterate their belief that no amount of lawyering or excuses can save CandelCoop from the well-established basis for liability, properly set forth and supported in the motion for summary judgment. Granting said motion without a response from Defendant is not considered to be by default, as the Court has a sufficient material and undisputed factual basis to order judgment as a matter of law.

**WHEREFORE,** Plaintiffs pray relief be granted in accordance with all current motions and pleas for relief by Plaintiffs currently pending before the Court.

**RESPECTFULLY SUBMITTED,** in Arecibo, Puerto Rico, this 15th day of June, 2012.

By:    /s/ Edwin Matos Maldonado
EDWIN MATOS MALDONADO, Esq.
*Lead Attorney*, USDC 226403

***BUFETE ZENO GLORO***
**EDWIN MATOS MALDONADO**
**USDC 226403**
**FELIX M ZENO GLORO**
**USDC 124212**
**LIAVANESSA FONTANEZ RUIZ**
**USDC 213707**

*Attorneys for Plaintiff*
**PO BOX 1945; ARECIBO PR 00613
TEL 879-1760 ; FAX 880-2756
tribunal@zenogloro.com**