IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>NELSON VARGAS CORDERO<br>MARY J. RODRIGUEZ QUIÑONES<br><br>Debtors<br><br>IN RE:<br>NELSON VARGAS CORDERO<br>MARY J. RODRIGUEZ QUIÑONES<br><br>Plaintiffs<br><br>vs.<br><br>COOPERATIVA DE AHORRO Y CREDITO NUESTRA SEÑORA DE LA CANDELARIA; X, Y, and/or Z INSURANCE CO.; JOHN DOE AND JANE ROE<br><br>Defendants<br><br>JOSE CARRION MORALES<br>CHAPTER 13 TRUSTEE/PARTY IN INTEREST<br>CASE 11-02484-BKT | Case No. 98-10612 (ESL)<br><br>CHAPTER 13<br><br><br><br><br><br>Adv. No. 11-00151- ESL<br><br>VIOLATION OF DISCHARGE INJUCTIVE RELIEF / CONTEMPT / DAMAGES |

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, COUNTER STATEMENT OF UNCONTROVERTED FACTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

TO HONORABLE COURT:

Come now, Cooperativa de Ahorro y Crédito La Candelaria (hereinafter Candel Coop), that respectfully states, prays, and requests as follows:

INTRODUCTION

In the case at bar the Plaintiffs filed a Motion for Summary Judgment pursuant to which

they request from the Court to enter Partial Summary Judgment as to the issue of liability in light of the claims made in the complaint that Defendant Candel Coop violated section 524(a) of the Bankruptcy Code. (11 U.S.C. sec. 524(a)). Relief is requested by the Plaintiffs under section 105(a) of the Bankruptcy Code. (11 U.S.C. sec. 105). For the reasons set forth herein we request from the Court to deny the Motion for Summary Judgment. As part of this Opposition we first set forth Defendant´s position regarding Plaintiff´s Statement of Material Facts. Second we present a Counter Statement of Material Facts. Thirdly, we proceed with the Memorandum of Law in support of this Opposition.

II. DEFENDANT´S POSITION REGARDING PLAINTIFFS´ STATEMENT OF FACTS

The Defendant stipulates facts 1 through 14 set forth by the Plaintiffs as part of their Motion for Summary Judgment.

III. DEFENDANT´S COUTER STATEMENT OF MATERIAL FACTS

As part of this statement the Defendant requests from the Court to take Judicial Notice pursuant to Rule 201 of the Federal Rules of Bankruptcy Procedure of the following facts that can be ascertained from the records of the United States Bankruptcy Court for the District of Puerto Rico.

In addition to the Bankruptcy Petition in the case at bar, case number 98-10612, the Plaintiffs have also filed the following subsequent Bankruptcy Petitions: case number 08-06559 (GAC), Chapter 13 case that was dismissed on February 23, 2009, and case number 09-06871, Chapter 13 case that was dismissed on April 8, 2010. Having taken judicial notice of those facts we request from the Court to take into consideration the following additional facts:

1. Candel Coop is a credit union located in Manatí, Puerto Rico that lends money to its shareholders and clients and that has a Collections Supervisor whose name is Pedro Ramos-

Lorenzana. See exhibit I that corresponds to Statement Under Penalty of Perjury by Mr. Pedro Ramos-Lorenzana.

2. As Collections Supervisor he oversees the collection of loans and debts in arrears at the Cooperative. See exhibit I.

3. When debtors of Candel Coop notify directly or through a notice by mail from the Court that they are in bankruptcy, the filing of the petition is noted electronically in the computer system of the Cooperativa and any communications regarding the filing are filed in the corresponding file of the Cooperativa shareholder where the record of the person appears just as his or her record of loans. That has been the procedure that has been followed for many years, according to the procedures followed at the Cooperativa, the collections practices that are followed. See exhibit I.

4. In the month of September, 2010, the person at the Cooperative in charge of referring the loans in arrears to Candel Coop´s attorney, Mr. Luis Nazario Maldonado, was Joel Collazo Méndez. As part of his duties, prior to the referral of the case, he had to verify in the electronic system of the Cooperative and in the shareholder´s file whether there were any notices of bankruptcy filings. See exhibit I.

5. Loans in arrears as part of the collection process are referred to attorneys for collection actions, and they may be referred once the loan is past due for several months after letters are sent and calls are made to the debtor, or as part of periodic audits of loans. When those audits are made and loans are found that have not been subject to collections for years they are recalled and referred to the internal collection process at the Cooperativa or are referred to the attorneys for the collection action. In the year 2010 instructions were given to follow up on uncollectible loans, which are loans that are in arrears for many years and that have uncertain or

unlikely possibilities of being collected. In that year a new computer system was set up at the Cooperativa and prior to the collection of the uncollectible loans, the information in the system had to be verified. The status of the bankruptcy had to be checked because the system at that time only made reference to the bankruptcy but not to the disposition of the case, to a discharge, or to a dismissal, nor did it make reference to a bankruptcy number. See exhibit I.

6. On or around September 20, 2010, according to the Cooperative files, Mr. Joel Collazo Méndez referred to Attorney Nazario the collection of a loan of Mr. Nelson Vargas and Mrs. Julia Rodríguez that appeared in arrears. According to the file prior to the referral he made a verification of the status of Mr. Vargas and Mrs. Rodríguez given the fact that there was a reference in the system to a Bankruptcy Petition that Mr. Collazo must have seen, because in the file there is reference and a copy of the dismissal of the Bankruptcy Petition that Mr. Vargas and his wife filed in the year 2009, case number 09-06871. That petition was in fact dismissed on April 8, 2009. Apparently, in his verification of the bankruptcy petition, Mr. Collazo did not find any references to other bankruptcy petitions. See exhibit I and see exhibit II that corresponds to a statement under penalty of perjury by Attorney Nazario.

7. As part of the services provided by Mr. Nazario to Candel Coop he filed a Rule 60 collection legal action at the Superior Court of Puerto Rico Vega Baja Part on October 25, 2010. See exhibit I and see exhibit II.

8. The Superior Court scheduled a hearing in the case for November 23, 2010 and issued the corresponding notice. Mr. Nazario submitted the notice to the debtors by certified mail return receipt requested. The notices submitted to them were returned by the United States Postal Service as UNCLAIMED. See exhibit I and see exhibit II.

9. At the November 23, 2010 hearing Mr. Vargas appeared and he notified that he had received the discharge from the debt by the Bankruptcy Court. He did not leave or provide copies of the discharge in that respect according to the information provided from Mr. Nazario´s office. Mr. Nazario advised the Cooperativa of that fact and the only reference the Cooperative had regarding those debtors was that they had filed a bankruptcy petition (case 09-06871) that had been dismissed and Mr. Nazario was informed of that fact. That was the information in the file. Subsequently, the information was further verified once again at the Cooperativa and it was discovered that they had filed a bankruptcy petition in the year 1998 for which they obtained the discharge. Soon thereafter, the Cooperative notified that fact to Attorney Nazario so that he would file the withdrawal of the complaint. See exhibit I and see exhibit II.

10. Before the November 23, 2010 hearing the Plaintiffs did not bring to the attention of Attorney Navarro by mail, telephone, fax, electronic mail or in any other manner the information pertaining to the discharge. Thereafter Mr. Vargas did not bring any evidence of his discharge in that respect to Attorney Nazario´s office, neither did he refer to a case number by mail, telephone, fax or electronic mail . See exhibit 11

11. Through Candel Coop Atty. Nazario verified the information provided by Mr. Vargas he was informed that he had filed a bankruptcy petition, case number 09-06871, case that had been dismissed. See exhibit II.

12. Atty. Nazario submitted an Informative Motion to the Vega Baja Court in that respect. However, at Candel Coop further verifications were made as to the bankruptcy filings of Mr. Vargas and it was confirmed that he had filed a bankruptcy petition filed in the year 1998 for which a discharge was granted in the year 2002. As soon as Mr. Nazario was informed of that fact he submitted a motion withdrawing the complaint that was filed in the Vega Baja Court on January 16, 2011. See exhibit II.

5

III. MEMORANDUM OF LAW IN SUPPORT OF THE OPPOSITION

A. The Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure (FRCP), which applies to Bankruptcy Court proceedings, sets forth the standard in order for the Court to render summary judgment. Said Rule provides that "the judgment sought shall be rendered forthwith if the pleadings, answer to interrogatories, and admissions together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See generally Lipsett v. University of Puerto Rico, 864 F. 2d. 881, 894 (C.A. 1, 1998).

The movant in a Motion for Summary Judgment must clearly establish the absence of any material fact and that is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317; 106 S. Ct. 2548; 91 L. Ed. 2d 265 (1986). See also Kauffman v. Puerto Rico Telephone Company, 849 F. 2d. 1169 (1st Cir. 1988). The existence of some alleged factual dispute will not defeat a summary judgment motion. In order to defeat the motion the facts in dispute must be material. See Kenny v. Josephthal & Co., Inc., 814 F. 2d. 798, 804 (1st Cir. 1987). (Emphasis Supplied).

If the moving party has effectively sustained its burden, any party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. In this context "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non moving party and "material" means that the fact is one that might affect the outcome of the suit under the governing law. United States v. One Parcel of Real Property, 960 F. 2d. 200, 204 (1st. Cir. 1992). The non movant must support allegations made in the pleadings with particular facts and arguments. In that respect see the following First Circuit Court cases: Coll v. PB Diagnostic Systems Inc., 50 F. 3d 1115 (C.A. 1, 1995); Local No. 48

6

United Brotherhood of Carperters and Joiners of America v. United Brotherhood of Carpenters and Joines of America 920 F. 2d. 1047 C.A. 1, (1990); Griggs-Ryan v. Smith 904 F. 2d 112 (C.A. 1, 1990); Medeiros v. Whitcraft 931 F. Supp. 68 ( D. Mass. 1996); Mojica Escobar v. Roca 926 F. Supp. 30 (C. P.R. 1996); and Therrien v. Hamilton 849 F. Supp. 110 (D. Mass. 1994). Even in cases in which elusive concepts such as motive or intent are at issue summary judgment may be appropriate if the non moving party rests merely on conclusory allegations and speculation. See De Fazio v. Delta Air Lines Inc. 849 F. Supp. 98, affirmed 34 F. 3d 1065, (D. Mass., 1994).

The legal norm regarding the burden of the non movant not to rely on conclusory allegations is well established beyond the confines of the First Circuit. In that respect see Wilson v. International Business Machines Corp. 62 F. 3d 237 (C.A. 8, 1995); U.S. v. Allen 578 F. 2d 236 (C.A. 9, Cal.); Tunnell v. Wiley 514 F. 2d. 971 (C.A. 3, 1975); Whitfield v. Gangas 507 F. 2d 880 (C.A. Old. 1974); Brown v. Ford Motor Co. 494 F. 2d. 418 (C.A. Okla, 1974); Petre v. Living Centers East Inc. 935 F. Supp. 808 (E.D. La., 1996); Parker v. Chrysler Corp. 929 F. Supp. 162 (S. D. N. Y. 1996); American Nat Fire Ins. Co. v. Rose Acre Farms Inc. 911 F. Supp. 366 (S. D. Ind., 1995) affirmed 107 F. 3d. 451; Everette v. Runyon 911 F. Supp. 180 (E.D. N. C. 1995); Alex Group Inc. v. Executive Gallery Inc. 877 F. Supp. 1114 (N.D. Ill., 1995); Dickson v. Ball Corp. 849 F. Supp. 607 (S. D. Ohio, 1994); Sulak v. Atlantic American Corp., Ins. Co. 848 F. Supp 1303 (N.D. Tex. 1994) affirmal 35 F. 3d 560; Meyer v. Ernst & Young 837 F. Supp. 865 (S.D. Ohio, 1993) affd. 33 F. 3d 55; Barge v. Jaber 831 F. Supp. 593 (S. D. Ohio, 1993) affd. 39 F. 3d 1181; Townhip of Wayne v. Messercola 789 F. Supp. 1305 (D. N. 5, 1992); Punahele v. United Airlines 756 F. Supp. 487 (1991); Sheets v. Dziabis 738 F. Supp. 307 (N. D. Ind. 1990) Union State Bank v. Weaver 526 F. Supp. 29 (S.D. N.Y., 1981); Di Mauro v. Payio 492 F. Supp. 1051 (D.C. Conn. 1979), affd. 614 F. 2d 1268, cert. denied 446 U.S. 939; Kraftsman Container

Corp. v. Finkelstein 461 F. Supp. 245 (E.D.N.Y., 1978), and La Beach v. Beatrice Foods Co. 461 F. Supp. 152 (S.D. N.Y., 1978). Despite the issues of intent and motive that may be present, such issues do not preclude automatically summary judgment, and the party opposing summary judgment must give some indication that they can produce the requisite quantum of evidence to enable them to reach the jury. See in that respect Stepanischen v. Merchants Despatch 722 F. 2d. 922, 929 (C. A.. 1, 1983); Hahn v. Sargent 523 F. 2d. 461, 468 (C. A. 1, 1975) and Valles Velázquez v. Chardón 736 F. 2d. 831, 833 (C.A. 1, 1984). Considering these legal standards, the statements attached to this opposition the Defendant requests from the Court to deny the motion for partial summary judgment submitted by the Plaintiffs pursuant to the legal arguments set forth below.

B. The Lack of Willful Violation by the Defendant

Sections 105, 362, and 524 of the Bankruptcy Code clearly grant to United States Bankruptcy Court the power to enjoin violations of the automatic stay and discharge provisions of the Code and to grant damages to debtors aggrieved by such violations. Nonetheless, such power must be exercised with caution, restraint and discretion. See In re Jove Engineering v. IRS 92 F. 3d 1539 (C.A. 11, 1996) quoting Chambers v. NASCO 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991). Section 105 of the Code expressly makes reference to the word willful in the context of the violation of the provisions of the Code and the power of the Code. See 11 U.S.C. sec. 105 and see also In re Pace 67 F.3d 187, 193 (C.A. 9, 1995), In re Goodman 991 F.2d 613, 620 (C.A, 9, 1993), and In re Chateaugay 920 F. 2d 183, 187 (C.A. 2, 1990). See also In re Jové, supra. Willfulness connotes an intentional action taken at least with callous indifference to the consequences. See in that respect Sizzler v. Western Sizzling 793 F.2d 1529, 1535 (C.A.11, 1986) as quoted in In re Jove, supra. Moreover, the invocation of the Court´s inherent contempt

8

power, which is the power that the Plaintiffs request the Court to use, requires the finding of bad faith which includes conduct that is vexatious, wanton or oppressive. See Glatter v. Mroz 65 F.3d 1567, 1575 (C.A. 11, 1995), citing Chambers, supra. See also Hardy v. United States 97 F.3d 1384, 1389 (C.A. 11, 1996).

Considering the Counter Statement of facts set forth herein that clearly shows an unintentional mistake made by the Defendant, induced by the filing of other bankruptcy petitions of the Plaintiffs, at least with respect to the 2009 filing that was dismissed, considering the remoteness of the 1998 filing and the 2002 discharge, the changes in the computer system of Candel Coop as a result of which an employee at Candel Coop could have made an unintentional mistake, and considering how once Candel Coop verified again on its own the Bankruptcy history of the Plaintiff´s discovering the 1998 filing Attorney Nazario was notified of the discharge and he withdrew the complaint, no finding of liability should be made in this case. The record clearly shows no bad faith, callous indifference nor vexatious, wanton or oppressive conduct on the part of Candel Coop.

WHEREFORE, it is respectfully requested from the Court to deny the Motion for Summary Judgment filed by the Plaintiff, as a result of the controversy over the facts or in the alternative to enter instead judgment on behalf of the Defendant.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 26th day of June, 2012.

I hereby certify that on this same date a true and exact copy of this motion was sent to Edwin Matos Maldonado and Felix Zeno Gloró through the Electronic Case Management System just as to: Nancy Pujals, Esq.- nancy.pujals@usdoj.gov; Monsita Lecaroz, Esq. - monsita.lecaroz@usdoj.gov.

| | |
|---|---|
| S/CYNTHIA NAVARRO PAGAN | S/ROBERTO MALDONADO NIEVES |
| CYNTHIA NAVARRO PAGAN | ROBERTO MALDONADO NIEVES |
| U.S. Id. 203602 | U.S. Id. 202209 |
| C/7 N. E. #344, Suite 2-B | C/7 N. E. #344, Suite 1-A |
| Esq. Franklin D. Roosevelt | Esq. Franklin D. Roosevelt |
| San Juan, Puerto Rico 00921 | San Juan, Puerto Rico 00921 |
| Tel.: (787) 792-2955 | Tel. (787) 782-3221 |

mpd  C:\Documents and Settings\Mayra\My Documents\My Files\La-Candelaria\Vargas\Oppo Mot Sum Jud.wpd

10