## STATEMENT UNDER PENALTY OF PERJURY

I, Pedro Ramos-Lorenzana, of legal age, married, collections supervisor at Cooperativa de Ahorro y Crédito La Candelaria and resident of Morovis, Puerto Rico hereby state under penalty of perjury as follows:

1. My name and personal circumstances are as set forth above.

2. I work for Cooperativa de Ahorro y Crédito la Candelaria in Manatí, Puerto Rico as Collections Supervisor and in that capacity I oversee the collection of loans and debts in arrears at the Cooperative. I began working at the Cooperative in March of 2011 in that capacity.

3. I am aware of the adversary case pending before the Bankruptcy Court for the District of Puerto Rico by Nelson Vargas and María J. Rodríguez v. Cooperativa La Candelaria case number 11-2484.

4. As far as that case is concerned, on the basis of the procedures I learned and use at the Cooperativa ever since I started working as Collections Supervisor, when debtors of Cooperativa La Candelaria notify directly or through a notice by mail from the Court that they are in bankruptcy, the filing of the petition is noted electronically in the computer system of the Cooperativa and any communications regarding the filing are filed in the corresponding file of the Cooperativa shareholder where the record of the person appears just as his or her record of loans. That has been the procedure that has been followed for many years, according to the procedures followed at the Cooperativa, the collections practices that are followed, and the information I have obtained from employees who work at the Cooperativa prior to my entry as an employee.

5. In the month of September, 2010, the person at the Cooperative in charge of referring the loans in arrears to our attorney, Mr. Luis Nazario Maldonado, was Joel Collazo Méndez. Mr. Collazo is no longer an employee at the Cooperative and his employment ended in the month of January, 2011. As part of his duties, prior to the referral of the case he had to verify in the electronic system of the Cooperative and in the shareholder's file whether there were any notices of bankruptcy filings.

6. Loans in arrears as part of the collection process are referred to attorneys for collection actions, and they may be referred once the loan is past due for several months after letters are sent and calls are made to the debtor, or as part of periodic audits of loans. When those audits are made and loans are found that have not been subject to collections for years they are recalled and referred to the internal collection process at the Cooperativa or are referred to the attorneys for the collection action. In the year 2010 instructions were given to follow up on uncollectible loans, which are loans that are in arrears for many years and that have uncertain or unlikely possibilities of being collected. In that year a new computer system was set up at the Cooperativa and prior to the collection of the uncollectible loans, the information in the system had to be verified. The status of the bankruptcy had to be checked because the system at that time only made reference to the bankruptcy but not to the disposition of the case, to a discharge, or to a dismissal, nor did it make reference to a bankruptcy number.

7. On or around September 20, 2010, according to the Cooperative files, Mr. Joel Collazo Méndez, referred to Mr. Nazario the collection of a loan of Mr. Vargas and Ms. Rodríguez that appeared in arrears. According to the file prior to the referral he made a verification of the status of Mr. Vargas and Mrs. Rodríguez given the fact that there was a reference in the system to a Bankruptcy Petition that Mr. Collazo must have seen, because in the file there is reference and a copy of the dismissal of the Bankruptcy Petition that Mr. Vargas and his wife filed in the year 2009, case number 09-06871. That petition was in fact dismissed on April 8, 2009. Apparently, in his verification of the bankruptcy petition, Mr. Collazo did not find any references to other bankruptcy petitions.

8. As part of the services provide by Mr. Nazario to Cooperativa La Candelaria he filed a Rule 60 collection legal action at the Superior Court of Puerto Rico Vega Baja Part on October 25, 2010.

9. The Court scheduled a hearing in the case for November 23, 2010 and issued the corresponding notice. Mr. Nazario submitted the notice to the debtors by certified mail return receipt requested. The notices submitted to them were returned by the United States Postal Service as UNCLAIMED.

10. At the November 23, 2010 hearing Mr. Vargas appeared and he notified that he had received the discharge from the debt by the Bankruptcy Court. He did not leave or provide copies of the discharge in that respect according to the information provided from Mr. Nazario's office. Mr. Nazario advised the Cooperativa of that fact and the only reference the Cooperative had regarding those debtors was that they had filed a bankruptcy petition (case 09-06871) that had been dismissed and Mr. Nazario was informed of that fact. That was the information in the file. Subsequently, the information was further verified once again at the Cooperativa and it was discovered that they had filed a bankruptcy petition in the year 1998 for which they obtained the discharge. Soon thereafter, the Cooperative notified that fact to Attorney Nazario so that he would file the withdrawal of the complaint.

In testimony of which I execute this statement under penalty of perjury in Arecibo, Puerto Rico this 26 day of June, 2012.

PEDRO RAMOS LORENZANA