IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

DEBTORS

CASE NO 98-10612-ESL

CHAPTER 13

---

IN RE:

NELSON VARGAS CORDERO
MARY J. RODRIGUEZ QUINONES

PLAINTIFFS

Vs.

COOPERATIVA DE AHORRO Y CREDITO
NUESTRA SENORA DE LA CANDELARIA;
JOHN DOE and JANE ROE;
X,Y, AND/OR Z INS. COS.

DEFENDANTS

ADV. NO.: 11-00151

VIOLATION OF DISCHARGE
INJUNCTIVE RELIEF /
CONTEMPT/DAMAGES

---

JOSE CARRION MORALES
CHAPTER 13 TRUSTEE/PARTY IN INTEREST
CASE # 11-02484

---

**PLAINTIFFS' REPLY IN SUPPORT OF SUMMARY JUDGMENT
ON THE ISSUE OF LIABILITY**

**TO THE HONORABLE COURT:**

COME NOW, THE PLAINTIFFS in the above-captioned proceeding, acting through counsel and in support of Plaintiffs' Motion for Summary Judgment (Dkt. 42, the "Motion"), very respectfully file this reply to Defedant's Opposition to Summary Judgment filed at docket 55 (the "Opposition"), Plaintiffs plead and pray as follows:

1

1. Defendant's Opposition to Plaintiff's Motion on the issue of discharge violation liability rests on several very faulty premises, to wit: 1) it fails to address the standard for "willful violation" or "willfulness" applicable in this District, 2) it rests on an affidavit purporting to support a "computer did it" defense that is discredited and a non-starter, 3) both affidavits filed in support are mere "hearsay" allegations by parties who are not in the best position to allege or claim anything in defense of the allegations in the Complaint, and 4) it fails to address the list of material, uncontested facts set forth in the Motion that form the *gravamen* for the Complaint. In fact, the second affidavit by Lcdo Nazario Maldonado has an actual admission of fact concerning actual notice of the discharge given by Debtors, at a state court hearing, to an attorney for the Defendant that directly supports Plaintiffs' plea for relief on their claims of discharge violation.

2. It may suffice for summary judgment to be entered for Plaintiffs, the legal fact that CandelCoop "stipulates facts 1 through 14" set forth by Plaintiffs as part of their Motion for Summary Judgment." (Opposition at pp. 2, section II) The stipulation is in reference to statements of material facts filed by Plaintiffs in support of the Motion at dockets 40 and/or 41, or both, since these are the only papers containing "facts" numbered 1 – 14. The Plaintiffs gracefully acknowledge the Defendant's candid admission of the core, material facts constituting the willful violation which, at law, should be sufficient to enter judgment for Plaintiffs.

3. As to the remainder of the Opposition, CandelCoop cite cases on "willfulness" standards inapplicable in this Court from other jurisdictions that, frankly, do not begin to address the facts of this case. CandelCoop also misinterprets the standard for awarding sanctions for contempt for discharge violations. In the First Circuit, "a variety of somewhat passive

2

acts are potentially violations of the discharge injunction if they are objectively coercive or [have are] coercive in effect". *See In re Curtis,* 539 B.R. 356, *5 (1st Cir BAP 2007) (unpublished opinion) *citing, In re Pratt,* 462 F.3d 14, at 20 (1st Cir. 2006). Thus, the standard for imposing contempt sanctions is finding the commission of an act to collect that was "objectively coercive" in itself or had a "coercive effect" to obligate the Debtors to pay; there is no need to find any evidence of bad faith in the creditor's actions to collect. In re *Pratt,* supra at 19. In this case, the evidence is abundant and the facts are 'stipulated' that CandelCoop carried-on with its collection action even in the face of defenses and documents showing the claim was discharged.

4. As for "willfulness", in this Court, once the plaintiff establishes there was notice of the discharge and a voluntary act to collect by the Defendant, it can be said that liability under the "willfulness" standard is nearly automatic; almost *per se.* "The standard for a willful violation of the discharge injunction under § 524(a)(2) is met if the defendant had knowledge of the discharge injunction and the same intended the actions which constituted the violation." *See In re Laboy,* 2010 WL 427780, *6 (Bankr. D. P.R. Feb. 2010) (Lamoutte, Bankruptcy Judge) (unreported opinion; citations omitted). "The defendant must have actual or constructive knowledge of the discharged debt for the knowledge requirement to be satisfied." *Id., citing Torres v. Chase Bank U.S.A., N.A. (In re Torres* ), 367 B.R. 478, 490 (Bankr.S.D.N.Y.2007).

5. The Statement filed by CandelCoop of its supervisor in the name of Mr. Pedro Ramos Lorenzana (the "Ramos Statement"), merely amounts to a "computer did it" defense. See also, Opposition, pars 3-6. The Ramos Statement is also unreliable hearsay since it purports to speak for and detail a purported business record made by an employee who was dismissed, coincidentally enough, just before this case was re-opened, Mr. Joel

3

Collazo. Id.; (Ramos Statement, par. 5)

6. As for the "computer did it" defense attempted by CandelCoop that it changed its systems, that apparently the old cases were not included, or not properly coded or not introduced in the accounting for collections purposes (see Opposition at par 3-6), "[t]hat defense is a nonstarter in this Court's judgment since intelligent beings still control the computer and could have altered the programming appropriately." *See In re McCormack*, 203 B.R. 521, 524 (Bankr. D.N.H 1996); *In re Rijos*, 263 B.R. 382, 392 (1st Cir BAP 2001) If keeping track of Debtors' 1998 case and discharge of the claim proved so difficult in the Defendant's new computer system, we note that CandelCoop's "employees were not precluded from getting a quill pen and ledger book to keep track of the effects of a chapter 13 plan in progress if indeed it was beyond the powers of mortal men and women to re-program their computer." *McCormack, supra* at f/n 2.

7. CandelCoop admits that it had knowledge of the fact that up to the time of the violation in question, Debtors had filed three cases: 98-10612, 08-06559 and 09-06871. (Opposition pp. 2) CandelCoop admits that its files contain evidence of the 09-06871 case, but allegedly didn't dig deep enough to find the instant 1998 case. The Court may take notice that the only case in which CandelCoop was made a creditor-party, where it filed a claim, and in which the claim under review was actually discharged, was the 1998 case subject of this proceeding. In the 2008 and the 2009 cases, CandelCoop was not even listed as a creditor, for one simple reason, because the claim had been discharged in the 1998 case. Neither did CandelCoop partake in the 2008 or 2009 cases.

8. Thus, there is no basis for Defendants tepid insinuation that this Court should take notice of those other filings to somehow excuse CandelCoop or to conclude that the Defendant

4

was 'dazed and confused' as to which case had the claim been discharged. Such an implication is nonsense, because if the Defendant has actually checked the Court's CM/ECF system with the Debtor's name as it claims to have done in a statement under penalty of perjury, it had to, by force, have found all three cases listed in the same results page. Thus, CandelCoop could have corroborated, as it later did upon Debtor's complaints in state court (Opposition pp. 5, par 9), that the claim was discharged in the 1998 case and that Defendant was never made a party to or notified of, the latter two cases. Therefore, so much for CandelCoop's theory of confusion and computer did it defenses. (**See Debtors' attachment**: CM/ECF search results for Mr. Nelson Vargas Cordero; Creditor Matrix for the 2008 and 2009 cases; (notice CandelCoop is not included))

9. As admitted by CandelCoop's state court attorney, Lcdo. Nazario Maldonado (the "Nazario Statement"), in the November 2010 hearing on the collection action, the Debtor appeared and raised the discharge defense and in fact "showed a document" to CandelCoop's substitute attorney, Lcdo. Reinaldo Diaz. (Nazario Statement at par 6) Thus, the Nazario Statement is equally hearsay in its most material elements, but constitutes an admission as to notice and opportunity to withdraw the violation without need for this legal action. Certainly it was not Debtor's obligation to provide any copies or to visit an adversary's counsel or do their work for them, in the face of a flagrant violation. CandelCoop's substitute counsel could have just as easily taken a pen and a piece of paper and written down the case number or any other pertinent information in the Debtor's document. In fact, the Debtors had showed the same discharge order to the process server for CandelCoop prior to attending court, a fact that CandelCoop

conveniently omits. Whatever the nature of CandelCoop's alleged confusion, the Debtors clearly and unambiguously raised the discharge defenses directly to CandelCoop, showed documentary evidence of the same to its attorney in front of a judge in a court of law, and prior to bringing this action, they were again served with process in an amended suit for the same claim.

10. The bottom line is that CandelCoop's Opposition is rife with excuses of could'of, would'of, should'of, pointless and immaterial allegations based on hearsay, and admissions of facts material to the liability issue, such as notice of the discharge and fair warnings by Debtors before bringing this proceeding. The material uncontested facts set forth in Debtors' Complaint and Motion concerning, 1) Defendant's notice of the 1998 bankruptcy case, 2) CandelCoop's participation in that bankruptcy case, 3) entry of discharge order of the claim, and 4) notice to CandelCoop of the discharge order, remain uncontested. In fact, the Opposition barely attempts to dispute the Statement of Material Facts set forth by the Debtors. By CandelCoop's own admission in its Opposition and Statements in support, they filed the collection action willfully, after having every opportunity to corroborate the facts, and even after the fact of discharged was revealed to Defendant, before a judge in state court, by the Debtors.

11. Therefore, for all the foregoing reasons, Debtors pray summary judgment be entered against CandelCoop on the issue of liability for willful violation of the discharge injunction.

**WHEREFORE,** Plaintiffs pray that summary judgment on the issue of liability for willful violation of the discharge injunction be entered against CandelCoop.

**RESPECTFULLY SUBMITTED,** in Arecibo, Puerto Rico, this 10th day of July, 2012.

By: /s/ Edwin Matos Maldonado
EDWIN MATOS MALDONADO, Esq.
*Lead Attorney*, USDC 226403

**BUFETE ZENO GLORO**
**EDWIN MATOS MALDONADO**
**USDC 226403**
**FELIX M ZENO GLORO**
**USDC 124212**
**LIAVANESSA FONTANEZ RUIZ**
**USDC 213707**

*Attorneys for Plaintiff*
**PO BOX 1945; ARECIBO PR 00613**
**TEL 879-1760 ; FAX 880-2756**
**tribunal@zenogloro.com**

7

## Select a Case

There were 2 matching persons.

There were 5 matching cases.

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|---|---|---|---|---|---|---|
| VARGAS CORDERO, NELSON (pty) (4 cases) | 98-10612-ESL13 | NELSON VARGAS CORDERO and MARY J. RODRIGUEZ QUINONES | 13 | 07/31/98 | Debtor | N / A |
| | 09-06871-SEK13 | NELSON VARGAS CORDERO and MARIJULIA RODRIGUEZ QUINONEZ | 13 | 08/21/09 | Debtor | 06/10/10 |
| | 11-00151-ESL | VARGAS CORDERO et al v. COOPERATIVA DE AHORRO Y CREDITO NUESTRA SENORA DE | Lead BK: 98-10612-ESL13 NELSON VARGAS CORDERO and MARY J. RODRIGUEZ QUINONES | 07/15/11 | Plaintiff | N / A |
| | 11-02484-ESL13 | NELSON VARGAS CORDERO and MARIJULIA RODRIGUEZ QUINONES | 13 | 03/25/11 | Debtor | N / A |
| VARGAS CORDERO, NELSON (pty) (1 case) | 08-06559-GAC13 | NELSON VARGAS CORDERO and MARI JULIA RODRIGUEZ QUINONES | 13 | 09/30/08 | Debtor | 08/03/09 |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/27/2012 09:29:20 | | | |
| PACER Login: | fz0002 | Client Code: | |
| Description: | Search | Search Criteria: | LName: vargas cordero FName: nelson |
| Billable Pages: | 1 | Cost: | 0.10 |

Label Matrix for local noticing
0104-3
Case 08-06559-GAC13
District of Puerto Rico
Old San Juan
Wed Jun 27 09:31:39 AST 2012

RELIABLE FINANCIAL SERVICES
PO BOX 21382
SAN JUAN, PR 00928-1382

BANCO SANTANDER PR
PO BOX 362589
SAN JUAN, PR 00936-2589

CLARO
PO BOX 70366
SAN JUAN, PR 00936-8366

EFRAIN NUNEZ INC
PO BOX 191478
SAN JUAN, PR 00919-1478

FIRSTBANK PUERTO RICO
DEPARTAMENTO DE HIPOTECAS - 475
PO BOX 9146
SAN JUAN PUERTO RICO 00908-0146

HERMANOS COLON
RR 07 BOX 11192
TOA ALTA, PR 00953-8831

MUEBLERIAS LA JIBARITA
PO BOX 2223
VEGA BAJA PR 00694-2223

POPULAR AUTO (POPULAR LEASING)
PO BOX 366818
SAN JUAN PUERTO RICO 00936-6818

FELIX M ZENO GLORO
PO BOX 1945
ARECIBO, PR 00613-1945

BANCO BILBAO VIZCAYA ARGENTARIA
PO BOX 364745
SAN JUAN, PR 00936-4745

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

BBV
BANCO BILBAO VIZCAYA
PO BOX 364745
SAN JUAN, PR 00936-4745

DAVID CORDERO RIVERA
VEGA BAJA, PR 00693

FELIX VIERA GERENA
HC 01 BOX 3973
FLORIDA, PR 00650

GOYA DE P.R.
PO BOX 1467
BAYAMON, PR 00960-1467

HORACIO A. CABRERA RODRIGUEZ
PO BOX 404
BAYAMON, PR 00960-0404

NORTHWESTERN SELECTA
PO BOX 10718
SAN JUAN, PR 00922-0718

SOCIEDAD AGRICOLA HERMANOS PEREZ
PO BOX 1770
VEGA BAJA, PR 00694-1770

MARI JULIA RODRIGUEZ QUINONES
CALLE 7 BUZON B3
PUEBLO NUEVO
VEGA BAJA, PR 00693

FIRSTBANK PR
PO BOX 9146
SAN JUAN, PR 00908-0146

AUTORIDAD DE ENERGIA ELECTRICA PR
PO BOX 363508
SAN JUAN, PR 00936-3508

CITIFINANCIAL
AVE JOSE DE DIEGO #314
J.C. PADILLA APTDO 1962
ARECIBO, PR 00612

DORA COOP
PO BOX 643
DORADO, PR 00646-0643

FIRST MORTGAGE
PO BOX 8318
SAN JUAN, PR 00910-0318

GRUPO MILL AGRO
PO BOX 1143
SAN JUAN, PR 00922

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

POPULAR AUTO
PO BOX 15011
SAN JUAN PR 00902-8511

ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS CHAPTER 13 TRUS
PO BOX 9024062
SAN JUAN, PR 00902-4062

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET SUITE 301
SAN JUAN, PR 00901

NELSON VARGAS CORDERO
CALLE 7 BUZON B3
PUEBLO NUEVO
VEGA BAJA, PR 00693

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

INTERNAL REVENUE SERVICE
MERCANTIL PLAZA BLDG RM 1014
2 PONCE DE LEON AVE STOP 27 1/2
SAN JUAN, PR 00918

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)RELIABLE FINANCIAL SERVICES         End of Label Matrix
PO BOX 21382                           Mailable recipients   30
SAN JUAN, PR 00928-1382                Bypassed recipients    1
                                       Total                 31

Label Matrix for local noticing
0104-3
Case 09-06871-SEK13
District of Puerto Rico
Old San Juan
Wed Jun 27 09:35:22 AST 2012

POPULAR AUTO
PO BOX 366818
SAN JUAN, PR 00936-6818

BANCO SANTANDER
PO BOX 194439
SAN JUAN, PR 00919-4439

BUFETE MONTANEZ & ALICEA
CONDOMINIO EL CENTRO I
OFICINAS 211-214 500 MU OZ RIVERA
SAN JUAN, PR 00918

CLARO
PO BOX 70365
SAN JUAN, PR 00936

EFRAIN NU EZ INC
PO BOX 191478
SAN JUAN, PR 00919-1478

FIRSTBANK PUERTO RICO
PO BOX 9146
SAN JUAN, PR 00908-0146

GRUPO MILL AGRO
PO BOX 1143
BAYAMON, PR 00960-1143

LCDO. JOSE L. CORREA CINTRON
BOX 246
TRUJILLO ALTO, PR 00977-0246

NANCY CRUZ ROBLEDO
HC-02 BOX 47772
VEGA BAJA, PR 00693-9674

BANCO BILBAO VIZCAYA ARGENTARIA
PO BOX 364745
SAN JUAN, PR 00936-4745

RELIABLE FINANCIAL SERVICES INC
PO BOX 21382
SAN JUAN, PR 00928-1382

BBVA
PO BOX 364745
SAN JUAN, PR 00936-4745

BUFETE MONTANEZ & ALICEA
CONDOMINIO EL CENTRO I
OFICINAS 211-214, 500 MUNOZ RIVERA
SAN JUAN, PR 00918

DORA COOP
APARTADO 643
DORADO, PR 00646-0643

FELIX VIERA GERENA
HC-01 BOX 3973
FLORIDA, PR 00650

FRANCISCO J. PORTUONDO DIAZ
PO BOX 364745
SAN JUAN, PR 00936-4745

HORACIO A. CABRERA RODRIGUEZ
PO BOX 404
BAYAMON, PR 00960-0404

MILLENIUM COLLECTION AGENCY, INC.
PO BOX 79193
CAROLINA, PR 00984-9193

NORTHWESTERN SELECTA
PO BOX 10718
SAN JUAN PR 00922-0718

FIRSTBANK PUERTO RICO
MONTANEZ & ALICEA
EL CENTRO I SUITE 211 MUNOZ RIVERA 500
SAN JUAN, PR 00918

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

BRENDA LIZ MARTINEZ MARTI
HC-02 BOX 47774
VEGA BAJA, PR 00693-9674

CITIFINANCIAL
PO BOX 71587
SAN JUAN, PR 00936-8687

Department of Treasury
Bankruptcy Section (424-B)
PO Box 9024140
San Juan, PR 00902-4140

FIRST BANK
PO BOX 19327
SAN JUAN, PR 00910-1327

GOYA DE PR
PO BOX 1467
BAYAMON, PR 00960-1467

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

MUEBLERIAS LA JIBARITA
PO BOX 2223
VEGA BAJA PR 00694-2223

POPULAR AUTO
PO BOX 15011
SAN JUAN, PR 00902-8511

```
POPULAR AUTO (POPULAR LEASING)        PREPA                           RELIABLE FINANCIAL
BANKRUPTCY DEPARTMENT                 MARIA T. GORBEA                 PO BOX 21382
PO BOX 366818                         PO BOX 363928                   SAN JUAN, PR 00928-1382
SAN JUAN PUERTO RICO 00936-6818       SAN JUAN, PR 00936-3928


SOCIEDAD AGRICOL HNOS. PEREZ          TRIPLE-S PROPIEDAD              ALEJANDRO OLIVERAS RIVERA
PO BOX 1770                           PO BOX 9023862                  ALEJANDRO OLIVERAS CHAPTER 13 TRUS
VEGA BAJA, PR 00694-1770              SAN JUAN, PR 00902-3862         PO BOX 9024062
                                                                      SAN JUAN, PR 00902-4062


JAIME RODRIGUEZ RODRIGUEZ             MARIJULIA RODRIGUEZ QUINONEZ    MONSITA LECAROZ ARRIBAS
RODRIGUEZ & ASOCIADOS                 CALLE 7 BUZON B3                OFFICE OF THE US TRUSTEE (UST)
PO BOX 2477                           PUEBLO NUEVO                    OCHOA BUILDING
VEGA BAJA, PR 00694-2477              VEGA BAJA, PR 00693             500 TANCA STREET  SUITE 301
                                                                      SAN JUAN, PR 00901


NELSON VARGAS CORDERO
CALLE 7 BUZON B3
PUEBLO NUEVO
VEGA BAJA, PR 00693
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
IRS                                   End of Label Matrix
PO BOX 80110                          Mailable recipients    39
CINCINNATI, OH 45280-0010             Bypassed recipients     0
                                      Total                  39
```