IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: : CASE NO. 98-10612

NELSON VARGAS CORDERO;
MARY J. RODRIGUEZ QUINONES : CHAPTER 13

    Debtors

NELSON VARGAS CORDERO;
MARY J. RODRIGUEZ QUINONES : ADVERSARY NO. 11-00151

    Plaintiffs

vs.

COOPERATIVA DE AHORRO Y
CREDITO NUESTRA SENORA DE LA
CANDELARIA; X AND Y AND/OR Z
INSURANCE CO.; JOHN DOE AND
JANE ROE;

    Defendants

## OPINION AND ORDER

This adversary proceeding is before the court upon the motion for partial summary judgment filed on April 27, 2012 by Nelson Vargas Cordero and Mary J. Rodríguez Quiñones (hereinafter referred to as "Debtors" or Plaintiffs ") based upon alleged damages and violations of the discharge injunction pursuant to 11 U.S.C. §524(a)(2) by creditor Cooperativa de Ahorro y Credito Nuestra Señora de la Candelaria (hereinafter referred to as "Candel Coop") (Docket No. 42). Candel Coop on June 26, 2012 filed its opposition to Debtors' motion for partial summary judgment (Docket No. 55). On July 10, 2012, Debtors filed their reply to Candel Coop's Opposition to Plaintiffs' motion for partial summary judgment. For the reasons set forth below, Plaintiffs' motion for partial summary judgment is granted.

### Facts and Procedural Background

Plaintiffs filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on July 31,

1998 (Lead Case No. 98-10612[1]). Debtors included in Schedule F- Creditors Holding Unsecured Nonpriority Claims, Candel Coop as an unsecured creditor for a consumer loan (account number 4059-2) incurred on March 7, 1997 in the amount of $22,910. On September 29, 1998, Candel Coop filed proof of claim #6-1, for a total amount of $17,951.85, of which $13,758.11 was listed as an unsecured priority claim and the remaining $4,193.74 was included as a secured claim. There are no supporting documents attached to the claim. On November 12, 1998, the Chapter 13 Trustee filed his objection to Candel Coop's proof of claim #6-1 because Candel Coop failed to attach to its proof of claim evidence of the priority status of the same, and thus requested that Candel Coop's claim be allowed as a general unsecured claim (Docket No. 7 in lead case). On January 7, 1999, the court granted the Chapter 13 Trustee's objection to Candel Coop's claim, given that the same was duly notified to all parties in interest and no timely replies or objections were filed (Docket No. 8 in lead case). On January 27, 1999, Candel Coop filed proof of claim #9-1 amending its previous claim #6-1, in the amount of $17,951.85 of which it classified $4,193.74 as secured. Again, Candel Coop failed to include any documents in support of its claim. Candel Coop did not list in its Proof of claim #9 any portion of its claim as an unsecured priority claim. On May 24, 2002, the Order Discharging Debtors After Completion of Chapter 13 Plan was entered (Docket No. 11 in lead case).

Several years later, on January 28, 2011 the Debtors filed a "Motion to Reopen Case to Permit Debtor to File an Adversary Proceeding for Contempt and Violation of the Discharge Injunction" pursuant 11 U.S.C. §350(b) (Docket No. 15). On February 24, 2011, the court granted Debtors' motion (Docket No. 18). On July 15, 2011, the Debtors filed the instant adversary proceeding alleging that Candel Coop willfully violated the discharge injunction under 11 U.S.C. §524(a) by initiating unlawful collection efforts in the Court of First Instance of the Commonwealth of Puerto Rico, Vega Baja Section, (Case No. CM10-1548) against Plaintiffs since it was trying through a judicial state court proceeding to collect a debt that was discharged in the year 2002. On October 4, 2011, Candel Coop answered the complaint (Docket No. 16). On November 7, 2011, the Plaintiffs

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 98-10612 (ESL).

filed the Pretrial Report in Lieu of LBR 7016-1(c) and 7026-1(c), Joint Proposed Pretrial Order and Discovery Plan by which; (i) they inform the court that they singly filed this pretrial report because despite their best efforts and continuing attempts to obtain the cooperation of the Defendant and its counsel, at this time it appears that a joint pretrial order or discovery plan cannot be reached; and (ii) they request that Candel Coop should be sanctioned pursuant to LBR 7026-1(d)(2) & (h) and thus, it should not be permitted to conduct discovery on the merits of the claims or defenses and should be caused to waive its defenses. Discovery for Defendant should be limited to the issue of damages (Docket No. 23). On November 7, 2011, the Plaintiffs' counsel filed the affidavit of non-compliance pursuant to LBR 7026-1(d) (Docket No. 24). On November 8, 2011 a status conference was held in which the court granted the parties 45 days to conclude discovery. The court also informed the parties that it would schedule a four (4) hour trial and that the parties shall file ten (10) days prior to trial the uncontested facts, proposed findings of fact and conclusions of law (Docket No. 31).

On January 31, 2012 the court ordered the trial to be scheduled for May 8, 2012 (Docket No. 34). On March 29, 2012, the Plaintiffs filed a Motion for Sanctions Against Candel Coop for Failure to Comply with Scheduling Order regarding Discovery (Docket No. 37). On April 23, 2012, the court granted in part and denied in part the Plaintiffs' motion for sanctions against Defendant's failure to comply with the discovery order, and ordered as follows: (1) Defendant is precluded from taking Plaintiff's deposition; and (2) the request to reschedule the trial is denied (Docket No. 38). On April 27, 2012, Plaintiffs filed their uncontested facts, proposed findings of fact and conclusions of law (Docket No. 40). On the same date, Plaintiffs filed their Statement of Material Facts (Docket No. 41). Plaintiffs on said date also filed their Motion for Summary Judgment on the Issue of Liability for Willful Violation of the Discharge Injunction presenting the following arguments regarding Defendant's alleged violation of the discharge injunction: (i) "[w]ith actual notice and knowledge of the discharge order and injunction, eight years later, Candel Coop, willfully filed and commenced a prohibited legal action to collect on the claim against Debtors. Such action by Candel Coop was committed willfully, in contempt of Court and with knowledge of the discharge of its claim;" (ii) "Debtors raised the discharge defense against Candel Coop. Instead of dismissing the suit, Candel Coop filed a motion in state court denying there had been a discharge. That motion was filed by

Defendant in response to a direct order from the state court [J]udge regarding the Debtor's discharge defense. Next, Candel Coop amended the suit to increase its claim against the Debtors and, once again, proceeded to issue and serve process against the Debtors on the amended suit. Throughout this ordeal, the Debtors were caused to attend hearings in state court, all the time Candel Coop knowing, or having sufficient basis to know and investigate, that its claims ha[d] been discharged by order of this Court;" and (iii) "[w]illfullness under the Code does not require specific intent. Instead, willfulness merely requires a voluntary act done by the Defendant that is in violation of the Code, with notice of the discharge. Such an act is, by its very nature, in the form of contempt of Court because it knowingly disobeys the essence of the Court's discharge order." (Docket No. 42).

On May 1, 2012, Candel Coop filed a motion for reconsideration of the Order (Docket No. 38) rendered by this court granting in part and denying in part Plaintiffs' motion requesting sanctions against Candel Coop for failure to comply with scheduling Order regarding discovery (Docket No. 43). On May 2, 2012, the court granted Candel Coop's motion for reconsideration and continued the trial without a date. The court also ordered the Defendant to reply to Plaintiffs' motion for summary judgment on the issue of liability within thirty (30) days and to submit proposed findings of facts for a trial on the merits and/or damages that will conform to this court's decision on the pending motion for summary judgment (Docket No. 44). On June 8, 2012, the Plaintiffs filed a motion to inform Defendant's default and contempt of court regarding the May 2, 2012 Order (Docket No. 44) since the Defendant failed to file a response to Plaintiffs' motion for summary judgment within the time allotted by the court (Docket No. 47). On June 11, 2012, the Defendant filed its Opposition to Plaintiffs' motion informing Defendant's default and contempt of court and request of brief extension of time explaining that it was unable to file its response to the motion for summary judgment because he was unable to interview one of Candel Coop's employees and the attorney who handled the state court case and also due to health reasons. Defendant requested until June 20, 2012 to submit its opposition to the motion for summary judgment (Docket No. 48). On June 15, 2012, Plaintiffs' filed their Position Regarding Defendant's Requests for Further Extensions in Opposition to Default requesting that the court grant relief in accordance with all the current motions and pleas for relief filed by Plaintiffs and pending before the court (Docket No. 49). On June 20, 2012, the Defendant

filed a motion requesting an extension of time (until June 25, 2012) to oppose the motion for summary judgment (Docket No. 50). On June 21, 2012, the court granted Defendant's motion request for an extension of time (until June 25, 2012) to file its opposition to the motion for summary judgment (Docket No. 50). On June 26, 2012, the Defendant filed an informative motion explaining to the court that it did not submit its opposition to the motion for summary judgment by the due date (June 25, 2012) because an employee of Candel Coop that was going to sign the Statement under Penalty of Perjury did not arrive to his office due to mechanical problems with his vehicle and thus, the same will be filed today (Docket No. 53). Also on June 26, 2012, Plaintiffs filed their Position Regarding Defendant's Docket 53 Request for Extensions, requesting that any untimely filing by Candel Coop be ordered stricken or simply ignored for the purposes of this proceeding (Docket No. 54). On June 26, 2012, Defendant filed its Opposition to Motion for Summary Judgment, Counter Statement of Uncontroverted Facts and Memorandum of Law in Support Thereof by which it presents the following argument; "[c]onsidering the [c]ounter [s]tatement of facts set forth herein that clearly shows an unintentional mistake made by the Defendant, induced by the filing of other bankruptcy petitions of the Plaintiffs, at least with respect to the 2009 filing that was dismissed, considering the remoteness of the 1998 filing and the 2002 discharge, the changes in the computer system of Candel Coop as a result of which an employee at Candel Coop could have made an unintentional mistake, and considering how once Candel Coop verified again on its own the Bankruptcy history of the Plaintiff's discovering the 1998 filing, Attorney Nazario was notified of the discharge and he withdrew the complaint, no finding of liability should be made in this case. The record clearly shows no bad faith, callous indifference nor vexatious, wanton or oppressive conduct on the part of Candel Coop." (Docket No. 55). On July 10, 2012, Plaintiffs filed their Reply in Support of Summary Judgment on the Issue of Liability arguing that: (i) Defendant "fails to address the standard for 'willful violation' or 'willfulness' applicable in this District;" (ii) Defendant "rests on an affidavit purporting to support a 'computer did it' defense that is discredited and a non-starter;" (iii) "both affidavits filed in support are mere 'hearsay' allegations by parties who are not in the best position to allege or claim anything in defense of the allegations in the Complaint;" and (iv) Defendant "fail[s] to address the list of material, uncontested facts set forth in the Motion that form the *gravamen* for

5

the Complaint." (Docket No. 56).

*Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st

Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

## Uncontested Material Facts

Defendant in its opposition to the motion for summary judgment has stipulated as uncontested facts 1 through 14 as set forth in Plaintiffs' motion for summary judgment.

1. On July 31, 1998, Plaintiffs filed bankruptcy case No. 98-10612, a Chapter 13 case, in the Bankruptcy Court for the District of Puerto Rico.

2. Schedule F pertaining to the bankruptcy petition case No. 98-10612 lists Candel Coop's unsecured claim for an account ending in 4059-2.

3. Candel Coop was listed in the creditor mailing matrix in the case No. 98-10612.

4. The Court issued notice to creditors of the filing of Debtors' case and of the 341 meeting of creditors.

5. Candel Coop was listed in the certificate of service giving notice of Debtors' bankruptcy case and of the 341 meeting of creditors.

6. Candel Coop filed a proof of claim in case No. 98-10612.

7. Candel Coop's claim was filed to collect an account ending #4059 and/or 4059-2 for money loaned to Debtors.

8. The Debtors received a discharge in case No. 98-10612.

9. Candel Coop was issued notice of the discharge Order.

10. The address to which Candel Coop was issued notice of the discharge Order is the same address listed by Candel Coop in its proof of claim.

11. Candel Coop filed a collection of monies action in the Court of First Instance of the Commonwealth of Puerto Rico, Vega Baja Section, (Case No. CM10-1548) (Docket No. 1, Exhibit 1-state court complaint).

12. Debtors were served in the Candel Coop's collection of monies action in the state court.

13. Candel Coop filed a motion in response to a state court Order attesting that the Debtors' bankruptcy petition had not been granted (Docket No. 1, Exhibit 2, Informative Motion).

14. Candel Coop's lawsuit in state court was to collect on the claim that had been discharged in Debtors' bankruptcy case No. 98-10612.

## Applicable Law and Analysis

*Discharge Injunction under 11 U.S.C. §524(a)(2)*

This court in <u>Delgado Laboy v. FirstBank P.R. (In re Delgado Laboy)</u>, 2010 Bankr. Lexis

345(Bankr. D.P.R. 2010) stated the following regarding the applicable law under 11 U.S.C. §524(a)(2) of the Bankruptcy Code:

"The effect of a bankruptcy discharge is that it "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. §524(a)(2). The discharge injunction is the mechanism which allows the debtor to commence debt-free his or her fresh start. See In re Latanowich, 207 B.R. 326, 334 (Bankr. D. Mass. 1997) ("The purpose of the permanent injunction set forth at §524(a)(2) and reiterated in the discharge order is to effectuate one of the primary purposes of the Bankruptcy Code: to afford the debtor a financial fresh start."); Green v. Welsh 956 F. 2d. 30,33 (2d Cir. 19992); Baker v. Sommerville Mun. Fed. Credit Union (In re Baker), 2006 Bankr. Lexis 3183 (Bankr. D. Mass. 2006). The discharge injunction is like a permanent extension of the automatic stay under 11 U.S.C. §362(a) of the Bankruptcy Code and thus, includes all types of collection activity such as; letters, phone calls, threats of criminal proceedings or other adverse actions brought about with the purpose of debt repayment. See Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶524.02[2] (15th ed. 2009); Ung v. Boni (In re Boni), 240 B.R. 381, 384 n.5 (B.A.P. 9th Cir. 1999). Moreover, "[c]reditors are obligated to maintain procedures to ensure that they do not violate section 524, and may be held liable for damages and attorney's fees if they do not." Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶524.02[b] (15th ed. 2009); See In re Roush, 88 B.R. 163, 165 (Bankr. S.D. Ohio 1988); Faust v. Texaco (In re Faust), 270 B.R. 310, 317 (Bankr. M.D. Ga. 1998); In re Nassoko, 405 B.R. 515, 521 (Bankr. S.D.N.Y. 2009). "Although, §524(a) which establishes the discharge injunction, does not include a specific provision setting out available remedies for violations of the discharge injunction, bankruptcy courts invoke §105(a), which grants bankruptcy courts broad equitable powers, to enforce the discharge injunction, using the mechanism of civil contempt action." Parker v. Boston Univ. (In re Parker), 334 B.R. 529, 537-538 (Bankr. D. Mass. 2005); See U.S. v. Rivera Torres (In re Rivera Torres), 309 B.R. 643,647 (B.A.P. 1st Cir. 2004); In re Pratt, 324 B.R. at 5; Bessette v. Avco Fin. Servs., Inc., 230 F. 3d 439, 445 (1st Cir. 2000), cert. denied, 532 U.S. 1048, 121 S. Ct. 2016, 149 L. Ed. 2d 1018 (2001).

The standard for a willful violation of the discharge injunction under §524(a)(2) is met if the defendant had knowledge of the discharge injunction and the same intended the actions which constituted the violation. See Fleet Mortg. Group, Inc. v. Kaneb, 196 F. 3d 265, 268 (1st Cir. 1999); In re Pratt, 462 F. 3d at 21 (1st Cir. 2006); Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶524.02[2][c] (15th ed. 2009). The defendant must have actual or constructive knowledge of the discharged debt for the knowledge requirement to be satisfied. See Torres v. Chase Bank U.S.A., N.A. (In re Torres), 367 B.R. 478, 490 (Bankr. S.D.N.Y. 2007). Civil contempt must be proven by clear and convincing evidence. Ellis v. Dunn (In re Dunn), 324 B.R. 175, 179 (D. Mass. 2005)." Delgado Laboy v. FirstBank P.R. (In re Delgado Laboy), 2010 Bankr. Lexis 345 (Bankr. D.P.R. 2010).

This court finds that in the instant adversary proceeding, Candel Coop knew and admits that its partially unsecured claim was discharged on May 24, 2002. Moreover, it is an uncontested fact that the address to which Candel Coop was issued the notice of the discharge Order is the same address listed by Candel Coop in its proof of claim.[2] Thus, this court finds that Candel Coop violated

---

[2] The court notes that the Debtors subsequent to the May 24, 2002 discharge Order filed three (3) Chapter 13 bankruptcy petitions which were all dismissed (Case Nos. 08-06559, 09-

the discharge injunction under 11 U.S.C. §524(a)(2) by engaging in a post-discharge collection of monies lawsuit regarding a claim that had been discharged eight (8) years prior to the commencement of the state court lawsuit and of which it is an uncontested fact that Candel Coop received notice of the discharge Order. The court concludes that Candel Coop failed to maintain adequate procedures to ensure that it did not violate the discharge injunction under Section 524(a)(2).

Morever, this court finds Candel Coop's arguments unpersuasive and inapposite because Candel Coop was not a creditor in the subsequent bankruptcy petitions filed by the Debtors in the years 2008, 2009 and 2011 and its claim had been clearly discharged in the year 2002. The court fails to understand how Candel Coop was induced to err unintentionally based upon the remoteness of the 1998 filing and the 2002 discharge. The court concludes that Candel Coop's "computer did it" defense is simply unpersuasive and a nonstarter because Candel Coop admits that its new computer system was deficient given that, "[t]he status of the bankruptcy had to be checked because the system at that time only made reference to the bankruptcy but not to the disposition of the case, to a discharge, or to a dismissal, nor did it make reference to a bankruptcy number." (Docket No. 55, pg. 4) See McCormack v. Federal Home Loan Mortg. Corp. (In re McCormack), 203 B.R. 521, 524 (Bankr. D.N.H. 1996)("That defense is a nonstarter in this Court's judgment since intelligent beings still control the computer and could have altered the programming appropriately."); Rijos v. Vizcaya (In re Rijos), 263 B.R. 382 (B.A.P. 1st Cir. 2001).

This court concludes that Candel Coop had actual knowledge of the discharge injunction and that it intended the actions which constituted the discharge injunction violation. Thus, this court awards Plaintiffs attorney's fees and will schedule a hearing for damages stemming from the discharge violation.

## Conclusion

For the reasons stated above, this court finds that Defendant had actual knowledge of the discharge injunction and that it intended the actions which constituted the discharge injunction

---

06871 & 11-02484). In these three (3) bankruptcy petitions, Debtors did not list (include) Candel Coop as a creditor and Candel Coop did not file a proof of claim.

violation under 11 U.S.C. §524(a)(2).

In view of the foregoing, Plaintiffs' motion for partial summary judgment is hereby GRANTED.

An evidentiary hearing on damages is scheduled for February 5, 2013 at 2:00pm.

In San Juan, Puerto Rico, this 23rd day of October 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge